817 F.2d 1081
 MACLEARY, Kevin, Appellant,
v.
HINES, Dennis and Farrell, Francis and Farrell, Mrs. Francis
(Barbara) and Farrell, Miss Barbara
v.
RAMBLING BROOK APARTMENTS, INC. t/a Pau Pack Pub and Ritter, Harold.
 No. 86-1525.
 United States Court of Appeals,
Third Circuit.
 Argued March 17, 1987.
Decided May 8, 1987.
 
 Jay Lambert (argued), Teresa Ficken Sachs, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.
 William J. McKinley, Jr. (argued), Victor M. Berbeke, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee Barbara Farrell.
 Before HIGGINBOTHAM, MANSMANN, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 This is an appeal from the entry of a directed verdict for the defendant in a diversity action brought pursuant to 28 U.S.C. Sec. 1332 and seeking recovery for personal injuries. We have jurisdiction under 28 U.S.C. Sec. 1291. In accordance with our recent decision in Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150 (3d Cir.1986), we hold that under Pennsylvania law a defendant who knowingly and intentionally allows premises over which she has control to be used for the purpose of consumption of alcohol by minors has created an unreasonable risk of intoxication of the minor guests and may be liable for injuries resulting therefrom if the jury finds the use of the premises to be a substantial factor in bringing about the intoxication of the minor guest. We also hold that a social host may be liable when a minor becomes intoxicated as a guest and places himself in a position of unreasonable peril and is injured by a third party. Because the district court interpreted too restrictively the Pennsylvania standard for social host liability, we will vacate the judgment for the defendant and remand the case for further proceedings.
 
 I.
 
 2
 On the evening of April 20, 1984, the plaintiff Kevin Macleary and the defendant Dennis Hines attended a party at the home of Barbara Farrell. The party was planned and guests were invited by Barbara Farrell, who was then 19 years old, and a few of her friends. The party was held at Farrell's home because her parents were out of town. Keith Wallace purchased a keg of beer with money contributed by four individuals including Barbara Farrell. Farrell and her friends made the keg of beer available for consumption by the party guests. No other form of alcoholic beverage was purchased or provided by Barbara Farrell or at her direction. Other alcoholic beverages were allegedly brought to the party by unidentified guests. There was no testimony that guests were invited to bring other liquor or beer.
 
 
 3
 Approximately 20 to 25 people ranging in age from nineteen to twenty-three years attended the party. Plaintiff Kevin Macleary, then nineteen years of age, arrived at the party at approximately 9:00 p.m. in an automobile driven by another guest. Several witnesses indicated that Macleary consumed several beers from the keg as well as whisky from the bottle being passed around.
 
 
 4
 Dennis Hines, who was then 17 years of age, arrived at the party at approximately 10:30 p.m. in the company of Donna McDevitt. Although Hines was not a licensed driver, he drove Donna McDevitt's car to the party. Hines testified that he drank no beer from the keg, and no other witness testified to seeing him do so. Macleary testified that he assumed Hines was drinking from the keg because he saw him drinking from a mug. Witnesses testified that Hines was seen holding an empty whisky bottle and drinking from another bottle of whisky which was being passed among four or five individuals.
 
 
 5
 Neither Macleary nor Hines had been specifically invited to the party by Farrell herself, but neither was told to leave or that he could not have beer from the keg which had been located on the porch in the expectation that guests would serve themselves.
 
 
 6
 Some 15 to 30 minutes after Hines' arrival he and Macleary left the party together. With Hines driving Donna McDevitt's car, they went to get some beer from the Pau Pac Pub which is located approximately one-half mile from the Farrell residence. At the Pau Pac Pub, Hines purchased two six-packs of Miller beer in bottles. Hines and Macleary then returned to the party where they consumed all but two or three bottles of the additional beer.
 
 
 7
 After drinking this bottled beer, Hines and Macleary again left the party and returned to the Pau Pac Pub. Hines was again driving Donna McDevitt's car. According to the defendant Barbara Farrell, when Hines and Macleary left the party together both appeared to be so intoxicated as to be unfit to operate a motor vehicle. Upon leaving the Pau Pac Pub for the second time, and with Hines again at the wheel, Hines and Macleary headed east in the direction of the Farrell home. The plaintiff was injured shortly thereafter when the automobile driven by Hines collided with a tree.
 
 
 8
 Macleary brought this action against Farrell under Congini v. Portersville Valve Co., 504 Pa. 157, 470 A.2d 515 (1983), which established that a cause of action exists against a social host in Pennsylvania for injuries caused by an intoxicated minor guest. The plaintiff's theory of recovery was that his injuries were caused by Farrell's negligence in serving or providing alcoholic beverages to persons she knew or should have known were minors.
 
 
 9
 Upon motion at the close of all the evidence, the trial judge entered an order pursuant to Fed.R.Civ.P. 50(a) for a directed verdict for the defendant Barbara Farrell. The trial judge concluded that Farrell was entitled to judgment as a matter of law because the plaintiff had produced no evidence that Farrell had physically handed alcoholic beverages to Hines or Macleary.
 
 
 10
 The district court order was entered on July 28, 1986. On December 5, 1986, during the pendency of this appeal we filed our opinion in Fassett v. Delta Kappa Epsilon, 807 F.2d 1150 (3d Cir.1986), wherein we predicted that the Pennsylvania Supreme Court would extend the social host liability law beyond "furnishers" of alcohol to individuals who violate the state's criminal laws by intentionally aiding minors to consume intoxicants. 807 F.2d at 1165.
 
 
 11
 The defendant now concedes that the district court applied an incorrect legal standard in directing a verdict based on the plaintiff's failure to introduce evidence of the defendant's hand-to-hand service of intoxicants. The defendant insists, however, that a directed verdict is still proper because one of the plaintiff's theories of recovery is untenable as a matter of law and the other is not supported by the evidence.
 
 
 12
 Macleary advanced two theories of recovery against Farrell. First, he argued that Farrell's negligence in aiding or encouraging Hines' consumption of alcohol was a substantial factor in bringing about his (Macleary's) subsequent injury by Hines. Second, Macleary argued that Farrell's negligence in aiding or encouraging Macleary's own consumption of alcohol caused him to become so impaired as to place himself in a perilous situation which he might otherwise have avoided.[1]
 
 
 13
 The defendant argues that a directed verdict is proper on either theory. First, he argues that no Pennsylvania case supports the proposition that social host liability may be imposed because an intoxicated guest made the decision to get into a car with an intoxicated driver. Second, he argues that there is no evidence that Farrell aided or encouraged Hines in his consumption of alcohol because there is no evidence that Hines consumed any alcohol provided or made available by Farrell.
 
 
 14
 A motion for a directed verdict under Fed.R.Civ.P. 50(a) should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law. Indiana Coffee Corp. v. Procter & Gamble Co., 752 F.2d 891 (3d Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985); Flynn v. Bass Bros. Enterprises, Inc., 744 F.2d 978 (3d Cir.1984). Our review of a directed verdict is plenary. Id.
 
 
 15
 Our task is to determine whether the record contains evidence from which the jury could reasonably conclude under Pennsylvania law, that it is more likely than not that Barbara Farrell's conduct as a social host was a substantial factor in bringing about Macleary's injuries. We turn first to an analysis of Pennsylvania law.
 
 II.
 
 16
 In Congini v. Portersville Valve Co. the Supreme Court of Pennsylvania held that a minor is negligent per se in consuming alcohol. The court held that an adult social host who furnishes alcohol to a minor is also negligent per se and that the minor guest's negligence in consuming the alcohol does not necessarily supersede the host's negligence as a cause of injuries to the minor guest or to third parties resulting from the minor guest's intoxication. 470 A.2d at 518.
 
 
 17
 In Fassett v. Delta Kappa Epsilon we concluded unequivocally that "Congini does apply to those circumstances in which minors serve alcohol to minors." 807 F.2d at 1160 (emphasis in original). Our analysis of Congini led us to the conclusion in Fassett that the civil liability of an accomplice would turn not merely on any specific act such as furnishing, purchasing, etc., but on whether the intentional aid or assistance given the primary wrongdoer, i.e. the intoxicated minor, was "substantial." Id. at 1164. We concluded that:
 
 
 18
 Each defendant's liability or freedom from liability must depend not on the particular label attached to him, but rather on the complex of factors which determine whether the particular defendant, in aiding, agreeing or attempting to aid a minor in consuming liquor, did so in substantial fashion.
 
 
 19
 The elements of social host liability within the broad rationale of Congini and Fassett are:
 
 
 20
 1) the social host intentionally and substantially aided and encouraged the consumption of alcohol by a minor guest, and
 
 
 21
 2) the minor guest's consumption of alcohol was a substantial factor in causing injury to the minor guest or to a third party.
 
 
 22
 In Fassett we reversed the entry of summary judgment where the record disclosed that 1) certain defendants had sponsored and organized a party and supplied intoxicants, 2) other defendants had knowingly supplied funds for the purpose of purchasing intoxicants for the party, and 3) still others had knowingly allowed their residence to be used for the purpose of serving intoxicants to minors. We found these factual allegations to constitute aid or encouragement fairly encompassed within the Congini rationale. We held that it is the province of the factfinder to make the necessary determinations regarding intent and the substantiality of the assistance.
 
 III.
 
 23
 Viewed in light of our analysis of Pennsylvania law and of our disposition of the appeal in Fassett, we conclude that the district court erred in entering a directed verdict against the plaintiff in this case.
 
 A.
 
 24
 Macleary's first theory of recovery is that his injury was caused by his own impaired condition, resulting from Farrell's negligence, which caused him to accept a ride with a visibly intoxicated driver. The foreseeable risk that made the defendant's alleged conduct negligent in the first place was that an intoxicated minor guest would conduct himself in such a manner as to create an unreasonable risk of harm to himself or others. There is evidence from which the jury could find that Farrell's conduct in hosting the party contributed substantially to Macleary's consumption of alcohol to the point of impairment. There is evidence from which the jury could find that Hines was so obviously intoxicated that a reasonable person not impaired by alcohol, would not have accepted a ride with him. The facts in evidence obviously permit an inference of causation. We know from Congini that the negligence of the intoxicated minor does not necessarily supersede that of his host in aiding or encouraging his consumption of alcohol. Therefore a jury could find Farrell liable for Macleary's injuries unless the intervening negligence of the third party driver, Hines, superseded that of the minor plaintiff and his social host in causing the plaintiff's injuries.
 
 
 25
 It is for the jury to decide whether the defendant's conduct was superseded by the negligence of the driver unless, as a matter of law, one who negligently aids a minor in the consumption of alcohol cannot be the legal cause of harm to the plaintiff by a negligent third party.
 
 
 26
 We find no rationale to support a rule that a defendant may not be liable for injury by a third party when the defendant's conduct substantially increases the likelihood that the third party will have an opportunity to injure the plaintiff. In Congini the minor plaintiff injured himself by driving while intoxicated. If a defendant's conduct has substantially increased the likelihood that a minor guest will place himself at risk of injury by an intoxicated driver, we see no reason to distinguish the situation where the plaintiff himself is the intoxicated river from one where the offending driver is a third party. Since the defendant host's conduct could have increased the risk that the plaintiff would be harmed by a third party, it was for the jury to determine whether the host's conduct was superseded by that of the driver. Ford v. Jeffries, 474 Pa. 588, 379 A.2d 111 (1977).
 
 
 27
 However, if Hines' intoxication would not have been apparent to a sober passenger, then the harm to Macleary would have been equally likely to result absent Macleary's intoxication. If Hines' intoxication was not apparent, Farrell would be liable only if she intentionally and substantially assisted the driver, Hines, in his consumption of alcohol thereby increasing the risk that he would injure Macleary.
 
 B.
 
 28
 The defendant argues that a directed verdict is proper because there is no evidence that Hines drank any liquor actually made available by Farrell.
 
 
 29
 The plaintiff argues that under our recent decision in Fassett v. Delta Kappa Epsilon the jury could find Barbara Farrell liable for injuries caused by Hines' intoxication because she participated in planning the party and inviting guests, hosted the party at her home and participated in providing all of the party needs such as mugs, cups and potato chips and in purchasing alcohol and making it available to guests known to her to be minors.
 
 
 30
 We agree that if a defendant host intends to facilitate the consumption of alcohol by a minor, it is immaterial whether the alcohol consumed is that which is originally contemplated, providing the host's conduct is a substantial factor in contributing to the guest's consumption.
 
 
 31
 One is subject to liability for harm resulting from the tortious conduct of another if he "permits the other to act upon his premises ... knowing or having reason to know that the other is acting or will act tortiously." Restatement (Second) of Torts Sec. 877(c)(1965). Therefore a social host may be liable for knowingly and intentionally making available premises under the host's control with the knowledge and intention that the premises will be used by minors for the purpose of consuming alcohol. It is immaterial that the alcohol is otherwise available to the minor if the jury finds the host's deliberate creation of a hospitable environment to be a substantial factor in the minor's consumption of alcohol.
 
 
 32
 In Congini the alcohol itself was made available to the minor by the defendant social host and that service formed the basis of the suit. However, in Fassett we interpreted Congini as taking a broad approach to "the pervasive problem of underage drinking." 807 F.2d at 1162. We held in Fassett that knowingly allowing premises to be used for the purpose of serving alcohol to minors was sufficient to state a cause of action against a defendant though the alcohol be provided by another.
 
 
 33
 We cannot say as a matter of law that knowingly opening one's premises with the intention of hosting underage drinking does not assist minor guests in their consumption of alcohol whether the intoxicants are purchased or made available by the defendant, the minor or a third party. The extent of assistance, i.e., whether it was substantial in light of all the facts and circumstances, is a question for the jury.
 
 
 34
 It is clear that the district court applied an incorrect legal standard in directing a verdict based on plaintiff's failure to introduce evidence of the defendant's direct physical service of intoxicants. Furthermore, a review of the record discloses evidence from which a jury could find that Farrell's conduct substantially aided Macleary and Hines in their consumption of alcohol and that she knew or had reason to know that they would operate a motor vehicle on a public highway while under the influence of intoxicants.
 
 
 35
 We will vacate the district court's order of July 28, 1986 and remand the case for further proceedings consistent with this opinion.
 
 
 
 [1]
 Both of plaintiff's theories of recovery assume that Hines may be shown to have been intoxicated at the time Macleary entered the car with him and that that intoxication was a substantial cause of the subsequent injuries to Macleary. There is record evidence upon which the jury could reasonably differ as to Hines' condition of intoxication