572 A.2d 1209

ALUMNI ASSOCIATION, Delta Zeta Zeta of Lambda Chi Alpha Fraternity

v.

Van Kingsley SULLIVAN and Ronald C. Unterberger

v.

KAPPA CHAPTER OF SIGMA CHI FRATERNITY, Sigma Chi Fraternity and Bucknell University.

Appeal of Ronald C. UNTERBERGER.

Supreme Court of Pennsylvania.

Argued May 4, 1989.

Decided March 21, 1990.

F. Lee Shipman, James M. Sheehan, Harrisburg, for appellant.

David Lee Schwalm, Harrisburg, for appellee Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity.

Jonathan E. Butterfield, Robert A. Seiferth, Williamsport, for appellee Kappa Chapter of Sigma Chi Fraternity.

Robert J. Menapace, Sunbury, for appellee Sigma Chi Fraternity.

David R. Bahl, Williamsport, for appellee Bucknell University.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The instant question under consideration in this appeal is whether a cause of action for negligence may be maintained against instant appellees for recovery of damages caused by an intoxicated minor to third parties absent any allegation that appellees served or furnished the alcoholic beverages to the minor. For the reasons that follow we agree that the complaint failed to set forth a valid cause of action against instant appellees and therefore affirm the order of the Superior Court.

On December 7, 1983, appellant Ronald C. Unterberger, an eighteen-year-old freshman at Bucknell University, attended a party held in his freshman dormitory, Trax Hall, and a second party hosted by the Kappa Chapter of Sigma Chi Fraternity at their fraternity house. At both parties alcohol was served and was consumed openly by Unterberger. The owner of the neighboring fraternity house, Lambda Chi Alpha Fraternity, subsequently filed a claim against Unterberger and a companion, Van Kingsley Sullivan, alleging that the two had negligently caused or failed to control a fire in the Lambda Chi Alpha house which resulted in over $400,000 in property damage. Unterberger filed a complaint to join Bucknell University, the Kappa Chapter of Sigma Chi, and Sigma Chi Fraternity as additional defendants, alleging that they were negligent in providing him, a minor, with alcoholic beverages at the parties he attended. Appellant alleged that this negligence proximately resulted in the conduct which caused the fire.

The trial court sustained appellees' preliminary objections and dismissed appellant's complaint against all three parties. The trial court found that under our holding in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), appellees Sigma Chi and Bucknell were not social hosts who knowingly served intoxicants to a minor. The trial court further found that while Kappa Chapter may have been a social host, it was under no duty to protect against the unforeseeable risk of harm to the neighboring Lambda Chi Alpha house. *Alumni Association, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, No. 407, 1985, slip op. at 2 (Court of Common Pleas, Civil Division, Union County 1987).

On appeal, the Superior Court affirmed the dismissal of the complaints against Bucknell and Sigma Chi. The court determined that an allegation that a defendant *should have known* alcohol was being served on its premises was insufficient to sustain a cause of action under *Congini, supra*, which hinges on the party having "knowingly furnished intoxicants to a [minor]." *Alumni Association, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 369 Pa.Super. 596, 535 A.2d 1095, 1099 (Superior Court, December 29, 1987). However, the dismissal of the complaint against Kappa Chapter was reversed; the Superior Court held that although Kappa Chapter was a social host, the risk of damage to a neighboring property as a result of Unterberger's intoxication was a foreseeable risk of Kappa Chapter's having provided him with alcohol. *Id.* 535 A.2d at 1100–1101. Unterberger sought review by this Court.[1]

In this appeal we are called upon to determine whether, under *Congini v. Portersville, supra,* and *Orner v. Mal-*

---

1. Kappa Chapter is no longer a party to this appeal. It has not filed its own appeal of the Superior Court's decision and has notified the Court of its intention not to file a brief in this matter. Since Kappa Chapter is not a party to this matter at this point, the question as to whether the social host's liability should be extended to damages sustained by third parties as a result of the intoxicated minor's negligent actions need not be addressed. It is to be noted that the liability recognized in *Congini* related only to injury to the intoxicated minor.

*lick,* 515 Pa. 132, 527 A.2d 521 (1987), authority exists for finding a cause of action against Bucknell University and/or Sigma Chi Fraternity.

Unterberger alleges that the Superior Court erred in refusing to extend the rationale of *Congini* to the instant case. He contends that the *Congini* requirement that an alleged defendant "knowingly furnished" intoxicants to a minor is to be accorded a broad interpretation. He therefore claims that the court should have sustained his cause of action against parties who allegedly *should have known* that alcohol was being provided for minors on their premises.

Bucknell and Sigma Chi, on the other hand, claim that the social host doctrine as established in *Congini* is no broader than is indicated by its plain language. They therefore submit that the lower courts were correct in finding no cause of action had been stated in appellant's allegation that appellees "should have known" alcohol was being provided for minors. For the following reasons, we agree with appellees' position, and we affirm the order of the Superior Court.

It is a fundamental principle of tort law there cannot be a valid claim sounding in negligence unless there is a duty upon the defendant in favor of the plaintiff which has been breached. *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990); *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983); *Boyce v. United States Steel,* 446 Pa. 226, 285 A.2d 459 (1971). The allegations as they refer to the University simply state appellant resided in a campus dormitory designated for the occupancy of freshmen, and the University employed Resident Advisors and a Resident Director who knew, or should have known, of this activity. The allegations do not contend that any agent, servant, employee or other personnel of Bucknell was in any way responsible for supplying, serving, dispensing or otherwise furnishing alcoholic beverages to appellant. As to the allegations relating to Sigma Chi, it is asserted that the fraternity was the

reputed owner of the property where the party was held.[2] There are no allegations the fraternity had actual knowledge of the activities allegedly occurring at the local chapter or of the ability of the national body to control said activities. Appellant herein would have us find Bucknell had a duty to supervise private social functions held on the University campus to ensure no one under the age of twenty-one consumed alcoholic beverages. They also contend the national fraternal organization should have a similar responsibility to monitor the activities of its Chapters.

Full appreciation of the impact of the step we are urged to take in this appeal requires a review of the development of this new cause of action. In *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973), we expressly declined to use the provisions of the Liquor Code, 47 P.S. § 4–493(1), as creating a duty to support civil liability against a social host. Therein we were requested to find liability against an employee who became intoxicated during a party hosted by his employer for the employees, during which the employer "did furnish or supply intoxicating liquors or beverages which were consumed by ... [the employee] ... when he was in a state of visible intoxication." *Id.*, 454 Pa. at 239, 310 A.2d at 75. As a result of his state of intoxication, the employee was involved in an automobile accident resulting in injuries to the passenger in the employee's vehicle, a fellow employee. We dismissed this contention stating:

> We find no error in the trial court's dismissal of appellant's complaint. Only licensed persons engaged in the *sale* of intoxicants have been held to be civilly liable to injured parties. *Jardine v. Upper Darby Lodge No. 1973*, 413 Pa. 626, 198 A.2d 550 (1964). Appellant asks us to impose civil liability on nonlicensed persons like appellees, who furnish intoxicants for no remuneration. We decline to do so. While appellant's proposal may have merit, we feel that a decision of this monumental nature is best left to the legislature.

**2.** This fact is hotly contested; however, for the purpose of this appeal, we will accept the facts as stated in the pleadings.

*Id.,* 454 Pa. at 239, 310 A.2d 76 (1973).

Our decision in *Manning* articulated a fundamental policy decision that the Court would not use the provisions of the Liquor Code as a basis for imposing civil liability on nonlicensed persons who furnish intoxicants without remuneration. This position was premised upon the view that such judgments are best left to the General Assembly.

In *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), this Court refused to recognize a common law social host liability for serving alcohol to a visibly intoxicated person, whom the host knew, or should have known, intends to drive a motor vehicle. Notwithstanding the language of the majority opinion which premised the decision on the common law rule that it was the consumption of alcohol rather than the furnishing of it that is the proximate cause of any subsequent occurrence, the majority declined, in *Klein,* to premise a duty based upon section 493(1) of the Liquor Code, as urged by Chief Justice Roberts in his dissent. *Id.,* 504 Pa. at 149, 470 A.2d at 511.

The one exception to the general rule that liability under the Liquor Code will not be applied to the social host was first announced in *Congini* which was handed down on the same day as *Klein.* The basis for this exception has been explained by the Court in *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987). In that decision the Court stated:

> [I]n Congini we held that a social host "was negligent *per se* in serving alcohol to the point of intoxication to a person less than twenty-one years of age, and that they can be held liable for injuries proximately resulting from the minor's intoxication." *Id.,* 504 Pa. at 163, 470 A.2d at 518. In arriving at this conclusion we emphasized that in Pennsylvania "our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol," *id.,* 504 Pa. at 161, 470 A.2d at 517; and we accepted that legislative judgment as defining a duty of care on the part of adults *vis-a-vis* their minor guests.

*Id.,* 515 Pa. at 136, 527 A.2d 523 (1987).

In *Congini,* an employee of Portersville Valve Company, Mark Congini, became intoxicated at the company's Christmas party but was given his car keys by a Portersville agent despite his inebriated condition. He sustained severe permanent injuries in the resulting car accident, and he sued his employer for providing him with liquor in violation of the Crimes Code. The party was sponsored by the company and the alcohol was served by the agents and/or employees of the company. Under these facts, the Court found the company to be the host and deemed that it was negligent *per se* to serve alcohol to the point of intoxication to a person less than twenty-one years of age, thus justifying the imposition of liability for injuries proximately resulting from the minor's intoxication. Similarly, in *Orner v. Mallick, supra,* allegations were found to state a cause of action under the social host liability theory where the defendant was aware that minors would injest the alcoholic beverages she provided at a high school graduation party in her home. In *Congini* and *Orner* the court employed the standard of *"knowingly furnishing"* intoxicating beverages to minors.

In the instant appeal it is argued that the "knowingly furnished" standard is overly restrictive; that we should adopt the standard "knew *or should have known."* In support of this contention, appellant points to two decisions by the Third Circuit, *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, (3d Cir.1986), and *Macleary v. Hines,* 817 F.2d 1081 (3d Cir.1987), which appellant argues are a more expansive interpretation of our holdings in *Congini* and *Orner.* Appellant insists that the standard of "substantial assistance," as developed by the federal court, supports a finding that appellees can be held liable as social hosts upon the instant facts. However, appellant's reliance on these cases is misplaced.

In *Fassett, supra,* the Third Circuit drew from our holding in *Congini* and from the Restatement of Torts, 2d, the requirement that a defendant in this type of case has rendered substantial assistance in the minor's consumption

of alcohol. *Fassett*, 807 F.2d at 1162-3. In *Macleary v. Hines*, that court reiterated the reasoning of *Fassett* and developed the rule that the social host must have "intentionally and substantially aided and encouraged the consumption of alcohol by a minor guest...." *Macleary*, 817 F.2d at 1084. We believe that that interpretation does not offend our case law but merely restates our position that a social host must have "knowingly furnished" alcoholic beverages to a minor. The "knowingly furnished" standard requires actual knowledge on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship. In both cases the Third Circuit held as potential social hosts individuals who had participated in the planning and the funding of social events where alcohol was consumed by minors. In each instance the social host was aware of the degree of consumption by the minors. *See Macleary* and *Fassett, supra*. The Third Circuit correctly determined in both instances that we would not restrict the application of the social host theory to solely those instances where the defendant was alleged to have *physically handed* an alcoholic beverage to a minor. *Macleary*, 817 F.2d at 1081; *Fassett*, 807 F.2d at 1161. Upon the facts presented, we, too, would have found that defendants met the "knowingly furnished" requirement.

To the contrary, the instant facts support no such conclusion. As previously stated, there are no allegations that either the fraternity or the University was involved in the planning of these events or the serving, supplying, or purchasing of liquor. The fact that the functions were held on property which arguably was owned by appellees is of no consequence in light of appellees' detachment from the events in question. Appellees' conduct is insufficient to establish them as social hosts for the purpose of finding potential liability.

Appellant's view would have us impose upon appellees a custodial relationship with University students. Clearly, in modern times, it would be inappropriate to impose an *in loco parentis* duty upon a university. Instructive on this

point are the observations of Judge Aldisert in *Bradshaw v. Rawlings,* 612 F.2d 135 (1979):

> [T]he statement that there is or is not a duty begs the essential question, which is whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.... Thus, we may perceive duty simply as an obligation to which the law will give recognition in order to require one person to conform to a particular standard of conduct with respect to another person.
>
> These abstract descriptions of duty cannot be helpful, however, unless they are directly related to the competing individual, public and social interests implicated in any case....
>
> Our beginning point is a recognition that the modern American college is not an insurer of the safety of its students. Whatever may have been its responsibility in an earlier era, the authoritarian role of today's college administrations has been notably diluted in recent decades. Trustees, administrators, and faculties have been required to yield to the expanding rights and privileges of their students.

*Id.* at 138.

It is equally clear appellee Sigma Chi fraternity is an inappropriate body from which to require the duty urged by appellant. By definition such organizations are based upon fraternal, not paternal relationships. National organizations do not have the ability to monitor the activities of their respective chapters which would justify imposing the duty appellant seeks. The national organization in fraternal groups has only the power to discipline an errant chapter after the fact. It does not possess the resources to monitor the activities of its chapters contemporaneously with the event. Fraternal organizations are premised upon a fellowship of equals; it is not a relationship where one group is superior to the other and may be held responsible for the conduct of the other. From this factual matrix, there is no basis in the relationship to expand the liability of the

national body to include responsibility for the conduct of one of its chapters.

We thus conclude that the modern perception of the relationships between the University and their students, and the respective units of fraternal organizations is totally antithetical to the heightened duty we are here being importuned to accept. Moreover, the increased cost which would enure to such bodies could seriously impede the mission of these institutions which serve a vital role in the development of our youth. Neither are we persuaded these relatively rare, regrettable incidents require the dramatic response sought here. We empathize with the victims and their families in these tragic situations, but experience does not establish a statistical basis which justifies such a sweeping change of our existing law.

Accordingly, the Order of the Superior Court is affirmed.

LARSEN and PAPADAKOS, JJ., concur in the result.