GRIMES, P.J.,
On April 22, 1988, Jay S. Harry, 16 years of age, attended a birthday party and was served, in exchange for a “door fee,” an alcoholic beverage. Driving home after the party, Mr. Harry drove his automobile in such a manner that an accident occurred, fatally injuring Mr. Harry. The decedent’s parents, Nancy Harry and Allan Harry, now sue Tracy Brown, Jennie Coss, Barry Clark and Jeff Rush, whom they claim were sponsors of the party. Plaintiffs allege that the decedent was served alcohol to the point of intoxication and that this is the proximate and actual cause of the decedent’s death.
At this phase of the proceeding, defendants Tracy Brown and Jeff Rush file preliminary objections in the nature of demurrers, motions to strike and motions for more specific pleadings.
Defendants allege that plaintiffs can state, no claim upon which relief may be granted in that no duty existed which would apply to one minor supplying alcohol to another minor. Further, defendants allege that no civil liability arises from a violation of the Liquor Code except for entities required to be licensed under the Liquor Code.
An 18-year-old may, under 43 P.S. § 44, handle and serve alcoholic beverages to patrons in bars; therefore, a demurrer on this issue cannot succeed. The legislature could not have intended that an 18-year-old be legally entitled to work as a bartender and, at the same time, be too young to be held accountable for his or her actions as a bartender. In their demurrer, defendants do not set forth their *630 ages so it is unclear if they were 18 or not at the time the alcohol was served. It is specifically not addressed here whether any duty attaches a minor under 18. Since there exists a question of fact, a demurrer may not be granted on that issue.
Defendants also demur to the allegation that they are per se negligent since they violated the provisions of the Liquor Code. The Liquor Code has been found to be inapplicable to the social host. Alumni Association v. Sullivan, 523 Pa. 356, 572 A.2d 1209 (1990); Manning v. Andy, 454 Pa. 237, 310 A.2d 75 (1973). Instead, the Liquor Code applies to licensees. Plaintiffs have not pled that defendants are licensees or agents of licensees and therefore the demurrer is granted.
Jeff Rush moves to strike paragraph 15(d) of plaintiffs’ complaint for violation of the Connor rule. Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983). Paragraph 15(d) is also the subject of a motion for a more specific pleading by Tracy Brown.
In Connor, the Pennsylvania Supreme Court noted that if a defendant:
“[D]id not know how it ‘otherwise fail[ed] to use due care and caution under the circumstances,’ it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of appellants’ complaint.” Connor, supra.
In paragraph 15(d), plaintiffs allege that defendants were negligent:
“In otherwise failing to exercise the degree of caution and care required of them under the circumstances and in otherwise being negligent and careless and reckless under the circumstances.” Plaintiffs’ complaint, paragraph 15(d).
*631 The pleading is vague and general. The expression “in otherwise being negligent and careless and reckless” could be redefined in numerous ways, any one of which might be unanticipated by defendants.
The motion to strike paragraph 15(d) by Jeff Rush is granted, and the motion for a more specific pleading by Tracy Brown is granted.
Jeff Rush moves to strike paragraph 15(e) which alleges a violation without specifying the specific law violated, as a Connor, supra, violation. Defendant’s motion is granted for the reasons set forth above. He also moves for a more specific pleading, claiming that paragraphs 13, 14 and 16 do not state an allegation against each defendant individually. A sufficient pleading is made accusing defendants of a joint enterprise.
Tracy Brown moves to strike 15(a) as confusing and at odds with other paragraphs in the complaint. This motion is denied for irrelevant information may simply be ignored.
ORDER
And now, January 15, 1991, after consideration of the pleadings and the argument of counsel, it is ordered that:
(1) The demurrer to the issue of liability to a minor in furnishing an alcoholic beverage to another minor is denied;
(2) The demurrer to the issue of per se negligence based on the violations of the Liquor Code is granted;
(3) The motions to strike by Jeff Rush are granted as to paragraph 15(d) and 15(e).
(4) The motions for a more specific pleading as to paragraphs 13, 14 and 16 are denied;
*632 (5) The motion to strike paragraph 15(a) by Tracy Brown is denied; and
(6) The motion for a more specific pleading with regard to paragraph 15(d) by Tracy Brown is granted with plaintiffs to have 20 days from this date to amend their complaint.