## Millard v. Osborne

*Michael E. Dunlavey*, for plaintiff.

*Jeffrey K. Millen* and *Paul D. Shafer Jr.*, for defendant John W. Osborne.

*Roger H. Taft* and *Mark J. Shaw*, for defendant Thiel College.

*Alan R. Shaddinger*, for defendant Lambda Chi Alpha Fraternity.

MILLER, *P.J.*, May 20, 1991—This matter comes before the court on motions for summary judgment filed by Thiel College and Lambda Chi Alpha.

## FACTUAL BACKGROUND

On October 18, 1985, at approximately 7:15 p.m. plaintiff's decedent, Michael Millard, a freshman student at Thiel College, was killed on Route 322, southwest of Conneaut Lake, Crawford County, Pennsylvania when decedent's motorcycle was struck head-on by a vehicle operated by defendant John Osborne while Osborne was attempting to pass the vehicle operated by Kathy Cooper. Millard was pronounced dead at the scene of the accident. Blood was later drawn from the decedent and it was determined he had a blood alcohol level of 0.133.

Earlier that afternoon, between the hours of 4 and 6 p.m., decedent attended a Lambda Chi Alpha fraternity party at Thiel College during Homecoming weekend. Beer was served at the party.

Lona Millard, decedent's mother and the administratrix of his estate, filed this action against John Osborne and Thiel College. Thiel College later

joined the national organization of Lambda Chi Alpha as an additional defendant.

## FACTS AND PLEADINGS RELEVANT TO THE MOTIONS

### Summary Judgment Motion of Thiel College

Plaintiff's complaint averred the following in support of her cause of action against Thiel College:

That Thiel was negligent by:

"(a) Allowing alcoholic beverages to be consumed on their campus;

"(b) Openly advocating the policy of consumption of alcoholic beverages;

"(c) Failing to monitor or control the consumption of alcoholic beverages on its campus, particularly through its agents, the members of Lambda Chi Alpha fraternity.

"(d) Failing to have adult members of the faculty or administration present to monitor the consumption of alcoholic beverages to insure no one under the age of 21 was consuming alcoholic beverages which were allowed on the campus by the administration: and

"(e) Failing to prevent minors, particularly the decedent, Michael A. Millard, from consuming alcoholic beverage which, in this particular case, may have contributed to his demise."

Plaintiff provides additional information through her exhibits opposing the motion for summary judgment that there was an application process in which social organizations might apply for permission to serve alcoholic beverages at functions on campus. See Tom Cat's Tale (Thiel College Student Handbook). Plaintiff also avers that the college routinely failed to enforce compliance with the application

procedure, or to discipline organizations that failed to comply with the procedures, or to discipline organizations that served alcohol to minors, which was prohibited by college policy as well as being an illegal act. Further, the college owned the fraternity house and leased it to the local chapter of the fraternity at a nominal amount; therefore, it is argued the college knew or should have known that alcohol was regularly served, especially, after a bar equipped with coolers, taps, and sinks was built in the basement of the fraternity house.

There does exist a factual dispute as to whether an application for permission to serve alcohol on campus, known as the social function registration/contract form, was actually submitted by the local chapter of Lambda Chi Fraternity to the college for Homecoming 1985. The record does however show the fraternity did submit such registration/contracts for the 1983, 1984 and 1986 Homecoming weekends. The college argues that regardless of whether a request was made and actually approved or not, these functions were only to be held on Friday and Saturday evenings between the hours of 8 p.m. to 1 a.m.; which is significantly later than the time Mr. Millard had attended and left the party. The forms also specifically stated that no one under the age of 21 was to be served, and the forms were signed by three members of the local chapter.

## Summary Judgment Motion of Lambda Chi Alpha Fraternity Inc., Additional Defendant

In its answer and new matter to the joinder complaint of Thiel College, the additional defendant pled and provided supporting evidence to the following:

(1) That the national fraternity is a separate and distinct organization with no supervisory authority over the activities of the local fraternity.

(2) That the members of the local fraternity are not agents of the national fraternity, nor do they have any authority to act on behalf of the national fraternity; and

(3) That it had no direct involvement with nor knowledge of the serving of minors, including Mr. Millard, on the date in question.

## ANALYSIS OF APPLICABLE LAW

Pursuant to Pa.R.C.P. 1035(b), a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All doubts as to whether there is a genuine issue of a material fact should be resolved against the granting of the motion, *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971); there must not be the slightest doubt as to the absence of a triable issue of material fact, *Prince v. Pavoni,* 225 Pa. Super. 286, 302 A.2d 452 (1973).

The courts have consistently found that the Pennsylvania Liquor Code, 47 Pa.C.S. §1-101 et seq., will not be used on the basis for imposing civil liability on non-licensed persons who furnish intoxicants without remuneration. See *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990); *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983). There is no exception to the general rule that a social host may be found liable for knowingly and intentionally serving alcohol to a person under the age of

21. *Orner v. Mallick,* 515 Pa. 132, 136-7, 527 A.2d 521, 523 (1987); *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 161-2, 470 A.2d 515, 517 (1983).

In *Alumni Association v. Sullivan, supra,* the Supreme Court of Pennsylvania held that:

"[A] social host must have *'knowingly* furnished' · alcoholic beverages to a minor. The 'knowingly furnished standard' requires *actual knowledge* on the part of the social host as opposed to imputed knowledge imposed as a result of [some] relationship." *Id.* at __, 572 A.2d at 1212. (emphasis supplied)

The court noted that Bucknell University, the additional defendant, did not serve, supply or purchase any of the intoxicating liquors, and accordingly, no social host liability existed as to the university. The fact the university owned the premises in which the intoxicants were served "was of no consequence in light of appellees' detachment from the events in question. [Their] conduct is insufficient to establish them as social hosts for the purpose of finding potential liability." *Id.*

Plaintiff/appellant in *Sullivan* made an argument similar to the plaintiff in the case sub judice that the university [college] stands "in loco parentis" to its students. The Supreme Court expressly rejected the application of the doctrine to impose a custodial relationship between college and student stating:

"[I]t would be inappropriate to impose an in loco parentis duty upon a university . . . the modern American College is not an insurer of the safety of its students . . . college students are no longer minors; they are now regarded as adults in almost every phase of community life (except for the consumption of alcoholic beverages) . . . as a result of these and other similar developments in our society,

18-year-old students are now identified with an expansive bundle of individual and social interest and possess discrete rights not held by college students in decades past."

*Sullivan, supra; Bradshaw v. Rawlings,* 612 F.2d 135, 138 (3d Cir. 1979). See also, *Van Mastright v. Delta Tau Delta,* 393 Pa. Super. 142, 573 A.2d 1128 (1990).

In *Van Mastright, supra,* the plaintiff, a minor student at Carnegie Mellon in Pittsburgh, Pennsylvania, was convicted of killing another student after attending a fraternity party in which the plaintiff was served alcohol and marijuana. He brought an action against the fraternity, the university and the victim's estate maintaining that they were liable to him for being incarcerated. The Superior Court found no liability on any of the parties defendant, holding that neither the university nor the fraternity owed a duty to protect students from the consequences of their own actions.

Plaintiff in the subject case argues that despite the holdings of the above cases, colleges and fraternities can be found liable not only for *"knowingly"* furnishing alcohol to minors, but also may be liable for "turning a blind eye" or failing to supervise fraternity parties to insure minors do not consume alcohol on campus. Plaintiff relies upon Restatement (Second) of Torts §876* and *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986), cert. denied, 481 U.S. 1068, 107 S.Ct. 2463, 95 L.Ed 2d 872

---

\* Restatement (Second) of Torts §876 provides that liability for harm done may be imposed on a third person:

"(b) who knows that the other's conduct constitutes a breach of duty and gives *substantial* assurance, assistance, or encouragement to the others so to conduct himself, or;

"(c) gives *substantial* assistance to the other in accomplishing a tortious result in its own conduct separately considered, constitutes a breach of duty to the third persons."

644

(1987), and *Jefferis v. Commonwealth,* 371 Pa. Super. 12, 537 A.2d 355 (1988) for a broader definition of liability.

In *Fassett,* a traffic accident occurred in which the driver, Corbin S. Evans, who was 18 years of age, had become intoxicated at a fraternity party on the Villanova campus. Plaintiffs Ann Fassett and Monica Beckley were passengers of the vehicle driven by Mr. Evans. Ms. Fassett was severely injured, leaving her a quadriplegic, Ms. Beckley was killed. An action was brought against the local chapter of the fraternity and others.

The court in *Fassett* applied the criminal accomplice statute, 18 Pa.C.S. §306, to conclude that two things must be established to hold one as an accomplice for *civil* liability: (1) The alleged accomplice must have had an *intention* to promote or facilitate the consumption of alcohol by a minor, and (2) the alleged accomplice must have *aided, agreed or attempted to aid* in the minor's consumption of alcohol. *Fassett, supra,* at 1161. Further under Restatement (Second) of Torts §876, the act of assistance must be *substantial.* Comment (d) to section 876 lists six factors as to whether there is substantial assistance, and they are:

"(a) the nature of the act encouraged:

"(b) the amount of the assistance given by the defendant;

"(c) the defendant's presence or absence at the time of the tort;

"(d) the defendant's relation to the other tortfeasor;

"(e) the defendant's state of mind; and

"(f) the foreseeability of the harm that occurred."
See *Fassett,* 807 F.2d at 1163.

The court concluded that in light of the listed factors, liability does not turn upon labels given to

the particular actors (i.e., server, supplier, transporter, landlord, tenant), rather "each defendant's liability or freedom from liability must depend on the complex factors which determine whether the particular defendant in *aiding, agreeing to aid or attempting to aid* a minor in consuming liquor did so in a *substantial* fashion." *Fassett,* 807 F.2d at 1164.

The Pennsylvania Supreme Court in *Sullivan, supra,* had an opportunity to broaden scope of liability in alcohol or drinking cases after *Fassett* was decided. Our Supreme Court held fast to the belief that a social host must have "knowingly furnished" alcoholic beverages to a minor and that in *Fassett,* the social hosts had actually participated in the planning and funding of the social event where alcohol was consumed by minors.

## DISCUSSION OF LAW TO THE FACTS OF THIS CASE

Applying the facts of this case, including the pleadings and attached exhibits in support of and in opposition to the motions for summary judgment, it is clear plaintiff has produced no evidence that could support a finding of a factual issue in dispute as to whether defendants knowingly or intentionally did serve, supply, aid in, or abet in any significant way the consumption of alcohol by minors at the fraternity party on the afternoon of Mr. Millard's death. The only evidence submitted by plaintiff is that defendants "should have known" or "had reason to know" that minors would be served at the Lambda Chi Alpha fraternal party that day. However, as previously discussed, this is not the standard adopted by the Pennsylvania courts. In addition, the evidence is clear that the national chapter of Lambda Chi Alpha is a separate and distinct orga-

nization than that of the local organization and may not be held vicariously liable for the alleged negligence of the members of the local chapter of the fraternity. The national fraternity "has only the power to discipline an errant chapter after the fact. It does not possess the resources to monitor the activities of its chapters contemporaneously with the event. Fraternal organizations are premised upon a fellowship of equals; it is not a relationship where one group is superior to the other and may be held responsible 'for the conduct of the other." *Alumni Association v. Sullivan, supra.*

Accordingly, we grant both defendants' motions for summary judgment.

## ORDER

And now, May 20, 1991, summary judgment is entered in favor of Thiel College and the Lambda Chi Alpha Fraternity Inc.