## Harry v. McNay

*Beth Stevenson* and *Alexander Bickett*, for plaintiffs.
*Robert J. Grimm*, for defendants Robert McNay, Marie DeLourdes McNay and Scott McNay.
*Stephen Purcutile*, for defendant Traci Brown.
*Charles J. Morris*, for defendant Jennie Coss.
*Mary Pruss*, for defendant Jeff Rush.

GRIMES *P.J.*, August 7, 1992—This opinion is in response to a motion for reconsideration of a motion for summary judgment presented by defendants Traci Brown and Jeff Rush, and a motion for summary judgment presented by defendants Robert and Marie DeLourdes, and Scott McNay.

These consolidated actions have been brought by Allan and Nancy Harry as a result of the death of their 16-year-old son, Jay S. Harry, in April 1988, from injuries sustained in an automobile accident. He had a blood alcohol level of 0.208. It is alleged that his death was caused by alcohol consumed at a party held on property owned by Robert and Marie DeLourdes McNay. It is further alleged that Traci Brown and Jeff Rush helped to organize the

party and collected a "door fee," and that Scott McNay, who attended the party, gave implied consent for the party to be held on his parents' property.* Traci Brown, Jeff Rush and Scott McNay were all under the age of 18 at the time of the incident.

A motion for summary judgment was made on behalf of Ms. Brown and Mr. Rush claiming that in Pennsylvania there is no social host liability for a minor who serves alcohol to another minor. This motion was denied by opinion and order of this court on January 27, 1992.

On April 20, 1992, these two cases were consolidated. Ms. Brown and Mr. Rush filed a motion for reconsideration of the January 27, 1992, order based on *Kapres v. Heller, et al.,* Pittsburgh Nos. 01470 of 1990, 00466, 01733, and 01734 of 1991. Opinion dated June 2, 1991, which was recently decided by the Superior Court. The McNays then filed a motion for summary judgment on June 27, 1992. This opinion will address each of these motions separately.

There are essentially two issues brought forth by all of the defendants. The first is whether Traci Brown, Jeff Rush, and Scott McNay can be held liable under a social host liability theory as minors by serving alcohol to other minors. The remaining issue concerns the social host liability of the landowners, Mr. and Mrs. McNay.

Previously, Traci Brown and Jeff Rush had sought summary judgment arguing that they were not legally liable under a social host liability theory due to their minority.

---

* There are two other defendants, Jennie Coss and Barry Clark, named in the suit with Traci Brown and Jeff Rush. Clark, who is the only defendant over the age of 18 at the time of the accident, is alleged to be the person who actually purchased the alcoholic beverages for the party. Neither Coss nor Clark are parties to the present motions.

They further argued that there was no genuine issue of fact concerning their lack of involvement in the planning of the party and the serving of the alcohol. The opinion dated January 27, 1992, denied the summary judgment motion on the basis that minors could be found liable for serving alcohol to other minors and that there was a genuine issue of fact regarding the involvement of both defendants in the events of the evening of April 22, 1988.

Since the issues raised in the motion for reconsideration have already been addressed, it must be decided whether allowing reconsideration of the issues would be proper. There is no abuse of discretion for allowing a motion for reconsideration in the light of a newly decided case. *Vincent v. Fuller,* 400 Pa. Super. 108, 582 A.2d 1367, *appeal granted,* 527 Pa. 637, 592 A.2d 1304 (1990). In *Vincent,* a motion for reconsideration of a summary judgment motion was proper when a Superior Court case decided after the denial of the summary judgment motion changed or altered the law upon which that motion was decided. Further, granting the motion upon reconsideration was not deemed to be an abuse of the court's discretion in that the decision facilitated judicial economy. Accordingly, the motion for reconsideration will be considered in light of the recent *Kapres, supra,* decision, but will be limited to liability issues dealt with in *Kapres.*

Traci Brown and Jeff Rush maintain that summary judgment is proper because minors cannot be held liable for serving alcohol to other minors under a social host liability theory. The Superior Court in *Kapres, supra,* held that no social host liability attaches to minors, described as those under the age of 21, who serve alcohol to other minors. The court reasoned that the legislative intent in establishing a legal drinking age of 21 was to protect those under 21 from the effects of alcohol based on a legislative determination that those under 21 are incapable

of handling the effects of alcohol. The Superior Court then rejected the application of the common law that deems minors of the age 14 and older to be presumptively capable of negligence to a social host liability theory by reasoning that the protection set out by the 21-year-old age limit would naturally extend to protect those serving the alcohol from social host liability. In effect, the *Kapres* decision has found that while a person under the age of 21 can: (a) be held criminally responsible for underage drinking, purchasing or possessing of alcohol [18 Pa.C.S. §6308]; (b) be liable for serving alcohol to other underage persons in a saloon or bar [18 Pa.C.S. §§6301, 6310.1, criminal liability is not specifically limited to those 21 years or older; 43 P.S. §44, *Harry v. Brown,* 8 D.&C.4th 628 (1991)]; (c) have evidence of underage drinking used against him or her on contributory negligence theory [*Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983); *Barrie v. Pennsylvania Liquor Control Board,* 137 Pa. Commw. 514, 586 A.2d 1017, *appeal denied,* 527 Pa. 651, 593 A.2d 423 [two cases] and 593 A.2d 427 (1991)], this same person cannot be held liable under a social host liability theory for serving alcohol to another underage person.

The *Kapres, supra,* case and its companion case *Goldberg v. Delta Tau Delta, et al.,* No. 00925 Pittsburgh, 1991 [filed March 24, 1992], however, only addressed the liability of defendants who were between the ages of 18 and 21. In the present case, it is uncontradicted that both Traci Brown and Jeff Rush were not only under the age of 21 at the time of the party and accident, but were under the age of 18. The reasoning offered by *Kapres* and *Goldberg* would necessarily apply to defendants who had not yet attained the age of 18. Because there is no genuine issue of fact regarding the ages of Ms. Brown and Mr. Rush at the time of the incident,

and in view of the *Kapres* case, they cannot be held legally liable under a social host liability theory for any involvement that they may have had with the party during which Harry became intoxicated and summary judgment must be granted.

In the consolidated case whereby Scott McNay moves for summary judgment, there is no issue of fact that Mr. McNay was a minor at the time of the incident. Therefore, his motion is granted for the reasons set forth above.

The next issue is a motion for summary judgment by Robert and Marie DeLourdes McNay as landowners.

A motion for summary judgment may only be granted when there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. Rule 1035, 42 Pa.C.S. All facts and reasonable inferences therein must be viewed in a light most favorable to the non-moving party. *Spain v. Vincente,* 315 Pa. Super. 135, 461 A.2d 833 (1983).

The primary issue raised by Robert and Marie De-Lourdes McNay is whether they can be held liable as landowners of the property where the underage drinking took place. Social host liability only attaches to parties who "knowingly furnish" alcohol to the minor. *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990); *Kapres, supra.* The "knowingly furnished" standard has been defined as "actual knowledge on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship." *Alumni,* 524 Pa. at 359, 572 A.2d at 1212.

In *Alumni, supra,* an 18-year-old university student became intoxicated at two parties, one held at a university dormitory and one held at a fraternity house. The court did not extend liability to either the national fraternity or the university citing that there was no evidence to

indicate that either party had knowingly furnished alcohol to the underage student. The factors cited by the court as indicative of this standard were whether the defendants were involved with the planning, serving, purchasing or supplying of the alcohol to the underage person.

The *Alumni, supra,* court also rejected the plaintiff's argument that two 3rd Circuit cases, *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986) and *Macleary v. Hines,* 817 F.2d 1081 (3d Cir. 1987), extended a broad interpretation to the "knowingly furnished" standard to include a "should have known" standard. *Alumni* at 359, 572 A.2d at 1212.

Upon review of the 3rd Circuit cases, the court concluded that the 3rd Circuit had correctly applied the social host liability to the hosts who had "participated in the planning and funding of social events where alcohol was consumed by the minors. See *Macleary* and *Fassett, supra.* In each instance the social host was aware of the degree of consumption of the minors." *Alumni* at 359, 572 A.2d at 1212.

In the present case, it is claimed that the McNays had actual knowledge of the party based on the fact that Mr. McNay was on notice that underage drinking may be occurring on the property with some regularity. However, Mr. McNay contends, and there is no evidence to the contrary, that he was neither aware of nor had any actual involvement with the party on April 22, 1988, where Jay Harry allegedly became intoxicated. Mere knowledge that underage drinking may have occurred on the land on prior occasions does not rise to the level of the "knowingly furnished" standard for the purposes of establishing a duty to Jay Harry or the other underage drinkers. Because there is no genuine issue of material fact as to the McNays' involvement with the party on April 22, 1988, the McNays cannot be found to have "knowingly furnished" alcohol

to Jay Harry, and the motion for summary judgment must be granted.

The final argument by the plaintiffs is that the McNays should be liable under an "attractive nuisance" theory. The Harrys rely upon the Restatement of Torts, Second §339, which is entitled "Artificial Conditions Highly Dangerous to Trespassing Children." This section dictates that a landowner can be liable for any injuries suffered by a child as a result of an artificial condition on his land.

The key aspect in this claim is whether the McNays' property contained an artificial condition which would warrant the use of the doctrine set forth in section 339 of the Restatement Second. Landowners owe a duty to children for the structures and artificial conditions on the land under the "attractive nuisance" doctrine since "children because of their youth do not discover the condition or realize the risk involved in intermeddling with or coming within the area made dangerous by it." Restatement Second §339; *Goll v. Muscara,* 211 Pa. Super. 93, 235 A.2d 443 (1967) [quoting section 339]. Inherent in this duty is that some object or condition physically exist on the land to which children are attracted and that the condition causes the injury to the child.

The plaintiffs claim that the reputation of the property for being a "haven for underage drinking" is the artificial condition on the McNays' land and that they owed a duty to protect underage drinkers from this "condition." While this is a novel approach, no case law or statutory law has been provided or located that would equate an "attractive nuisance" to a reputed use of the land. Case law addressing "attractive nuisance" liability has primarily involved physical conditions of the land which are not naturally occurring and which attract a child's curiosity and subsequently the child is injured while investigating

the condition. The land owned by the McNays contained no physical condition which is artificial and subject to the curious mind of a child. Jay Harry was not injured as a result of any curious investigation of an artificial condition, but rather from the result of drinking beer that was brought to the McNay property by someone other than the McNays. Because there is no artificial condition present, no duty attaches to the McNays under an "attractive nuisance" theory of liability.

Therefore, the motion for summary judgment for the McNays must be granted on the basis that there is no evidence that they "knowingly participated" in providing Jay Harry with alcohol and that there is no evidence that an artificial condition existed to permit a cause of action based on an attractive nuisance theory.

### ORDER

And now, August 7, 1992, it is ordered that motion for summary judgment is granted in favor of Robert McNay, Marie DeLourdes McNay, Scott McNay, Traci Brown and Jeff Rush.

