924 P.2d 1036

**The ESTATE OF Ruben A. HERNANDEZ, By Elizabeth L. HERNANDEZ–WHEELER, as his Personal Representative, Elizabeth L. Hernandez-Wheeler, as Personal Representative of Ruben A. Hernandez, for and on behalf of his surviving children, Ruben R. Hernandez, Elizabeth L. Hernandez–Wheeler and Catherine Rose Poli, and Ruben R. Her-**

nandez, Elizabeth L. Hernandez–Wheeler, and Catherine Rose Poli, in their individual capacity, Plaintiffs/Appellants,

v.

Christopher FLAVIO, Sean Leahy, Glen Michael, John Miller, John Manross, Paul Reynolds, Erick Roberts, Thomas Schwarze, Douglas Sims, Scott Urban and Larry Wagner, Defendants/Appellees.

The ESTATE OF Ruben A. HERNANDEZ, By Elizabeth L. HERNANDEZ–WHEELER, as his Personal Representative, Elizabeth L. Hernandez–Wheeler, as Personal Representative of Ruben A. Hernandez, for and on behalf of his surviving children, Ruben R. Hernandez, Elizabeth L. Hernandez–Wheeler and Catherine Rose Poli, and Ruben R. Hernandez, Elizabeth L. Hernandez–Wheeler, and Catherine Rose Poli, in their individual capacity, Plaintiffs/Appellants,

v.

DELTA TAU DELTA FRATERNITY, INC., a New York corporation, Defendant/Appellee.

Nos. 2 CA–CV 94–0310, 2 CA–CV 95–0011.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 8, 1995.

Petitions for Review Granted in Part and Denied in Part Sept. 24, 1996.

Risner & Graham by William J. Risner and Kenneth K. Graham, Tucson, for Plaintiffs/Appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Peter Akmajian and James D. Campbell, Tucson, for Defendant/Appellee Schwarze.

Goering, Roberts, Berkman, Rubin & Brogna by Chris L. Enos, Tucson, for Defendants/Appellees Leahy and Miller.

Potts & Peterson by Roger Peterson, Phoenix, for Defendants/Appellees Flavio and Wagner.

O'Dowd, Burke & Lundquist by Robert E. Lundquist, Tucson, for Defendants/Appellees Sims, Reynolds, Michael and Urban.

Duffield, Miller, Young, Adamson & Alfred by Samuel D. Alfred, Tucson, for Defendant/Appellee Delta Tau Delta Fraternity, Inc.

## OPINION

LIVERMORE, Presiding Judge.

Ruben Hernandez was seriously injured and ultimately died as a result of an automobile accident that was allegedly the fault of an underage intoxicated driver who was a member of and had been drinking at a Delta Tau Delta fraternity party at the University of Arizona. Wrongful death and survivor actions were brought against numerous entities and individuals. This appeal by plaintiffs questions summary judgments entered in favor of the national fraternity and various individual members of the local chapter.

■ The primary basis on which summary judgment was granted to the national fraternity is that there was neither a common law duty on the part of the national fraternity nor one assumed by it to control the conduct of local chapter members. There are cases so holding. See *Campbell v. Board of Trustees*, 495 N.E.2d 227 (Ind.App.1986); *Alumni Association v. Sullivan*, 524 Pa. 356, 572 A.2d 1209 (1990). We decline to follow them on the facts of this case. The national fraternity invites membership in a loosely associated group of clubs, one of the primary purposes of which is to engage in parties where liquor is served. Indeed, alcohol abuse is, as the national fraternity recognizes, a serious problem in college fraternities. As our supreme court said in an earlier appeal in this case: "We are hard pressed to find a setting where the risk of an alcohol-related injury is more likely than from underaged drinking at a university fraternity party the first week of the new college year." *Estate of Hernandez v. Arizona Board of Regents*, 177 Ariz. 244, 255, 866 P.2d 1330, 1341 (1994). The national fraternity, having sponsored what amounts to a group of local drinking clubs, cannot disclaim responsibility for the risks of what it has sponsored. The national fraternity exercises control over many aspects of the activities of its local chapters. That a duty exists in this circumstance was implicitly admitted by the act of the national fraternity in sending to local chapters instructions to abide by local laws and university regulations in serving alcohol at chapter functions. Whether such an admonitory letter is sufficient to discharge any duty to exercise reasonable care is, of course, for the jury to decide. See *Furek v. University of Delaware*, 594 A.2d 506 (Del.1991).[1] The argument that the na-

---

[1]. The national fraternity relies on the general principle in Restatement (Second) of Torts § 315 (1965) that there is no duty to control the conduct of a third person absent a special relationship between them. We are far from certain that this principle is applicable to the national fraternity when it could be found to have induced the activities creating a risk of harm. If it is applicable, the knowing association with the local chapter described above could create the special rela-

tional fraternity had no power to control the activities of the local chapter or its members is belied by the much stricter alcohol policy adopted by the local chapter at the request of the national after the incident in this case. Rule 407, Ariz.R.Evid., 17A A.R.S.

■ We affirm summary judgment for the national on other theories of liability. The members of the local chapter were not employees or servants of the national fraternity so as to impose respondeat superior liability for their torts. That the local may have been an agent of the national for purposes of collecting dues or accepting members does not create liability for all tortious activity of the agents. The national fraternity did not own or lease the fraternity house where the liquor was furnished. It is not, therefore, liable under A.R.S. § 4–241(H) or general nuisance law.

■ The theory of liability in this case for members of the local fraternity was that they were liable for furnishing alcohol to the underage driver because they contributed to a social fund for the purchase of alcoholic beverages knowing those beverages would be served to underage members and guests of the fraternity. That is a persuasive theory. Liability cannot be avoided by knowingly engaging a committee to do your lawbreaking. Summary judgment was granted to several new members on the ground that they had not yet paid their liquor assessment on the night of the incident. We believe that too constricted a view of those members' liability. The jury could find that each member knew he was obligated to pay an alcohol assessment that would be used to furnish alcohol to minors; each, therefore, could be found to be a participant in a scheme to furnish alcohol to minors. All ultimately paid this assessment. To limit liability to those who had paid before the fatal party would be to unnaturally divide liability on some notion of tracing particular dues to particular alcohol furnished to minors. No such effort is necessary when all are knowing participants in an illegal venture. Restatement (Second) of Torts § 876 (1979). See also *Petolicchio v.*

*Santa Cruz County Fair & Rodeo Association*, 177 Ariz. 256, 866 P.2d 1342 (1994).

The summary judgments with respect to member liability and negligence liability of the national fraternity are reversed. In all other respects, the judgments are affirmed.

DRUKE, C.J., concurs.

FERNANDEZ, Judge, concurring in part and dissenting in part.

I agree that a fact issue precludes granting of summary judgment as to the national fraternity; however, I believe the trial court properly granted summary judgment in favor of the new members (pledges).

It is uncontroverted that none of the pledges as of the date of the party and accident, August 17, 1988, had ever paid any social dues to the fraternity, did not contribute any money toward the purchase of alcohol for the party, or in any other way furnish alcohol to the underage intoxicated member (Rayner), who injured Mr. Hernandez. The court apparently granted the summary judgment on behalf of the pledges on the ground that they had not contributed to the purchase of the alcohol for the party.

I believe the court's ruling was correct but based on too narrow a consideration of the contribution factor only. The record shows that a few hours before the party, the pledges were informed of their acceptance into the fraternity and that they would be pledges and later become members, after paying their dues, maintaining proper grade averages, and complying with other requirements.

As to the party at issue, none of the pledges had any say in the planning of the party or who would attend and they were not accepted as pledges until shortly before the party. Under all these circumstances, I feel there is insufficient evidence to support this court's ruling that a fact issue exists as to whether the pledges participated in furnishing alcohol to Rayner before the accident in this case.

tionship imposing a duty of care. See Prosser & Keeton on the Law of Torts § 56, at 383–85 (5th ed. 1984).

I concur in the opinion as to all other matters except as to the granting of summary judgment to the pledges, which I believe was proper.