Brian WINWOOD, Appellant,

v.

Charles BREGMAN and Carol Bregman, Appellees.

Patrick M. Winwood and Barbara Winwood, Individually and as Administratrix of the Estate of Timothy Winwood, a Minor, Deceased, Appellants,

v.

Charles Bregman and Carol Bregman, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 2, 2001.

Filed Nov. 20, 2001.

Robert W. Doty, Pittsburgh, for appellants.

Brian W. Delvecchio, Pittsburgh, for appellees.

Before DEL SOLE, President Judge, LALLY–GREEN and TAMILIA, JJ.

DEL SOLE, President Judge:

¶ 1 These are appeals from orders granting summary judgment in favor of Appellees. Appellants claim to have a viable suit against Appellees, who they allege are liable for injuries to Brian Winwood and the death of Timothy Winwood pursuant to the "social host" doctrine. The trial court found Appellants failed to establish a *prima facie* case, and thus granted summary judgment to Appellees.

¶ 2 Appellants raise two issues for our review: (1) whether the trial court improperly granted Appellees' motion for summary judgment when Appellants presented sufficient evidence to establish a

genuine issue of material fact regarding Appellees' social host liability; and (2) whether the trial court improperly granted Appellees' motion for summary judgment in violation of the "*Nanty–Glo* Rule." We affirm.

¶ 3 We first note our standard of review. On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party benefit of all reasonable inferences which can be drawn from those facts. *Hoffman v. Brandywine Hosp.*, 443 Pa.Super. 245, 661 A.2d 397 (1995). The Superior Court will reverse a grant of summary judgment only when the trial court has committed an error of law or abused its discretion. *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995).

¶ 4 The facts, viewed in the light most favorable to Appellants are as follows. Timothy Winwood died and Brian Winwood was injured in a single-car accident in which Brian was driving following his consumption of alcoholic beverages at Appellees' home. The Winwoods, who were minors, were visiting Appellees' daughter along with several other minors. Appellees were not home at the time of the Winwoods' approximately 1½ hour visit, but had received notice that their daughter was entertaining her friends at the home, including one friend in whom Appellees did not have a high level of trust. Appellees had no specific knowledge of the Winwoods' presence in their home that evening. Appellees kept liquor in an accessible area of their home. Brian consumed liquor from the Appellees' supply on the night in question. His driving was thus impaired, resulting in the tragic accident.

¶ 5 In *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), our Supreme Court established social host liabili-

ty for an adult who "knowingly served" a minor intoxicants. *Id.* at 518. In *Alumni Ass'n v. Sullivan*, 524 Pa. 356, 572 A.2d 1209 (1990), the Pennsylvania Supreme Court refused to extend the *Congini* standard to impute liability to an adult who "knew or should have known" alcohol was being served to a minor on the adult's property. *Id.* at 1212. Rather, the court found no social host liability where the defendant was not "involved in the planning of [the] event[ ] or the serving, supplying or the purchasing of the liquor." *Id.* at 1213.

■ ¶ 6 The trial court determined, as a matter of law, Appellants failed to establish Appellees knowingly furnished alcohol to the minors in this case. We agree. Appellees' argument centers on the following assertion: "[Appellees], knowing that there was a substantial risk of consumption of alcohol, allowed a group of [possibly untrustworthy] minors to gather at their home without supervision and with unfettered access to alcohol." Appellants' Brief at 13. This argument, while purportedly based on the holding in *Alumni Ass'n*, is essentially an argument for the precise holding the Supreme Court rejected in that case. Appellants argue Appellees should have known unsupervised underage drinking would occur at their home. However, Appellants presented no evidence Appellees agreed to an underage-drinking event at their home, much less planned one. Further, Appellants presented no evidence Appellees purchased alcohol **for the purpose of consumption by minors.** Appellants misinterpreted this point, originally made by the trial court. There was evidence presented that Appellees purchased the alcohol, but no evidence it was purchased for this event, which is an implicit part of the *Alumni Ass'n* holding. Finally, Appellants presented no evidence Appellees supplied alcohol to the minors, other than the perfectly mundane event of storing alcohol in their home in an un-

locked area. For this activity, we will not attribute social host liability.

¶ 7 We find no error in the trial court's grant of summary judgment to Appellees in this case. Appellants did not present evidence sufficient to establish a *prima facie* case of social host liability.

¶ 8 Appellants' next argument is without merit based upon the above-stated holding. Appellants claim the trial court violated the "*Nanty–Glo* Rule" in its grant of summary judgment. This rule, stemming from our Supreme Court's holding in *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), may be summarized as follows: summary judgment may not be entered where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact except where the moving party supports the motion be using admissions of the opposing party.

¶ 9 Appellants assert the trial court granted summary judgment improperly because its decision was based solely on oral testimony. However, because Appellants failed to establish a *prima facie* case, no *Nanty–Glo* issue arises. As held by this Court in *Dudley v. USX Corp.*, 414 Pa.Super. 160, 606 A.2d 916 (1992): "if the non-moving party has failed, in the first instance, to allege facts sufficient to make out a *prima facie* case, then summary judgment may be granted properly, even if the moving party has only set forth the pleadings and depositions of his witnesses in support thereof." *Id.* at 920. Accordingly, because Appellants failed to produce evidence to establish a *prima facie* case, summary judgment was proper. Pa. R.C.P. 1035.2(2)

¶ 10 Orders affirmed.