**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANK LOMUSCIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SONYA COLE, AS EXECUTRIX OF THE | : | No. 566 EDA 2022 |
| ESTATE OF HORACE COLE, SONYA | : | |
| COLE,  ELY-OR THACKER, AHMED | : | |
| MOUSTAFA, SHERWIN JENNINGS, | : | |
| ANDREW TORREGROSSA AND | : | |
| ANDREW GLEASON | : | |

Appeal from the Order Entered January 26, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
004719-CV-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 6, 2022**

Appellant, Frank Lomuscio (Plaintiff), appeals from the grant of summary judgment in favor of five defendants in a personal injury negligence action that he brought for injuries suffered as a result of a violent assault committed by third parties.  For the reasons set forth below, we affirm the trial court's orders granting summary judgment in favor of three of the defendants, but reverse the summary judgments in favor of the other two defendants on the ground that the record showed genuine disputes of material fact with respect to their liability to Plaintiff.

---

* Retired Senior Judge assigned to the Superior Court.

On July 6, 2014, Plaintiff was attacked and severely beaten at a party at a rented residence at 59 Prospect Street, East Stroudsburg, Pennsylvania (the Property). On July 5, 2016, Plaintiff brought this action in the Court of Common Pleas of Monroe County (trial court) against Horace S. Cole[1] and Sonya K. Cole (the Coles), who were the owners of the Property, and five other individuals, Ely-Or Thacker, Ahmed Moustafa, Sherwin Jennings, Andrew Torregrossa, and Andrew Gleason. Plaintiff averred in his complaint that the Coles leased the Property to Thacker, Moustafa, and Jennings and that Torregrossa and Gleason also resided at the Property. Complaint ¶¶2, 9-10. Plaintiff averred that on July 6, 2014, he attended a party at the Property hosted by Thacker, Moustafa, Jennings, Torregrossa, and Gleason at which those defendants served alcohol without checking the age of the guests. *Id.* ¶¶12-16. Plaintiff averred that while he was attending the party, he was punched, kicked, stomped and struck in the head by a group of individuals at the party who are not defendants in this action. *Id.* ¶¶17-21. Plaintiff asserted negligence claims seeking damages for the severe brain injuries that he suffered in the attack based on contentions that the Coles breached a duty to him as owners and landlords of the Property and that Thacker, Moustafa, Jennings, Torregrossa, and Gleason breached a duty to him as hosts of the party and possessors of the Property. *Id.* ¶¶32-42. In March 2018, Thacker

---

[1] Horace S. Cole died in 2021, prior to this appeal, and Sonya K. Cole, as Executrix for Horace S. Cole, was substituted for him as a defendant.

joined another tenant of the Property, Christopher Simon, as an additional defendant.

Following discovery, the Coles, Thacker, Moustafa, Torregrossa, and Gleason filed motions for summary judgment supported by deposition testimony and documents. Plaintiff opposed the summary judgment motions and submitted deposition testimony, documents, and expert reports on liability and damages. The depositions and documents submitted by the parties in support of and in opposition to the summary judgment motions, viewed in the light most favorable to Plaintiff, show the following facts.

The Coles owned the Property and leased it to Thacker and Moustafa, for the one-year period from October 2013 to October 2014 under a residential lease that prohibited operating any business on the Property. Lease; Thacker Dep. 16, 26, 54-55; H. Cole Dep. 10-11, 14-16, 53. Jennings was originally on the lease, but Simon was later substituted as a tenant. Lease; H. Cole Dep. 15-16, 60-61. In July 2014, Thacker, who was a college student at East Stroudsburg University, was living at the Property as a lessee, Gleason was living at the Property, and Torregrossa often stayed at the Property overnight. Thacker Dep. 16, 26, 54-55; Gleason Dep. 12; Munch Dep. 7-10 & Palmer Ex. 1 at 10; Torregrossa Dep. 18, 38. The occupants of the Property frequently held parties at the Property. Gleason Dep. 45, 53; Torregrossa Dep. 50, 65.

On the night of July 5, 2014 to July 6, 2014, a party was held at the Property at which a $5 entry fee was charged to partygoers and, in exchange

for this payment, partygoers received a red cup for alcohol and were admitted into the party. Miller Dep. 10-14, 24-26, 61, 64. Thacker, Torregrossa, and Gleason were all present at the Property and participated in hosting or assisting with the party. Thacker Dep. 16-21, 28; Torregrossa Dep. 13-16; Gleason Dep. 8-10, 16-17, 26-27, 40-43, 64. The partygoers were provided with "a tub of jungle juice," which a witness described as "a bunch of alcohol mixed together," and a keg of beer, and Thacker, Torregrossa, and Gleason did not check whether partygoers were old enough to drink alcohol. Miller Dep. 22-25, 37; Gleason Dep. 47-48; Torregrossa Dep. 27-28, 87-88.

The party began at around 9:00 p.m. on July 5, 2014. Gleason Dep. 17; Torregrossa Dep. 13-14. The partygoers learned about the party by word of mouth from people they knew. Gleason Dep. 74; Torregrossa Dep. 13-14; Plaintiff Dep. 42-43, 46; Miller Dep. 10-11, 38, 46. Some of the partygoers did not know Thacker or anyone else who was hosting the party. Miller Dep. 11, 25, 30-31, 38-39; Gleason Dep. 8-9. Plaintiff, who was over the age of 21, arrived at the party with friends of his around 10:00 or 10:30 p.m. Plaintiff Dep. 15; Miller Dep. 10-12, 15. There were as many as 20-30 people at the party and noise from the party could be heard outside. Miller Dep. 42-43.

At around 2:00 a.m. on July 6, 2014, a group of 10 or more individuals arrived at the Property, saying that there was a party and that they wanted to come in. Thacker Dep. 16-21, 34, 39; Miller Dep. 27-28, 39; Gleason Dep. 20-22, 26, 64; Torregrossa Dep. 14, 23-25. The people at the door who were

- 4 -

collecting the entry charge told the group that they had to pay to get in and the group argued that they were not drinking and that they were not going to pay. Miller Dep. 13, 19, 21, 25-26. The group, however, came into the party and subsequently began beating up the hosts and other partygoers, including Plaintiff. Thacker Dep. 17-21, 34-38, 45, 50-51, 61-62; Torregrossa Dep. 14-16, 34; Gleason Dep. 9, 22-25, 37-42; Miller Dep. 26-28, 48-49. Plaintiff suffered brain injuries from the attack and does not remember the attack. Plaintiff Dep. 12, 19, 60, 63, 70.

On July 24, 2019, the trial court granted the motions for summary judgment. Trial Court Orders, 7/24/19. The trial court held that the Coles could not be liable to Plaintiff because they were landlords out of possession and Plaintiff's claims did not fall within any exception to the general rule that landlords out of possession are not liable for injuries to non-tenants and because Plaintiff proffered no evidence of any agreement or undertaking by the Coles to provide security. Trial Court Opinion, 9/30/19, at 4-7; Trial Court Opinion, 6/2/20, at 9-11. The trial court held that Thacker, Moustafa, Torregrossa, and Gleason could not be liable to Plaintiff because Plaintiff was a licensee and possessors of land do not owe licensees a duty to protect them from crimes committed by third parties and because there was no evidence that any serving of alcohol to minors caused the assault. Trial Court Opinion, 9/30/19, at 2-4; Trial Court Opinion, 6/2/20, at 6-8. The trial court also held that Moustafa, Torregrossa, and Gleason could not be liable to Plaintiff on the

grounds that Torregrossa and Gleason were only occasional overnight visitors who did not reside at the Property and that there was no evidence that Moustafa resided at the Property or was paying rent for it in 2014. Trial Court Opinion, 6/2/20, at 5-6.

Plaintiff appealed the summary judgments in favor of these six defendants on August 19, 2019, but this Court quashed that appeal on October 25, 2019 as interlocutory because "[c]laims have not been adjudicated as to all parties." 2503 EDA 2019 Order. On February 11, 2020, the trial court entered an order discontinuing the action as to defendant Jennings, Trial Court Order, 2/11/20, and Plaintiff again appealed on March 11, 2020. On October 30, 2020, this Court quashed this second appeal as interlocutory on the grounds there was still no final order because the claims against additional defendant Simon remained unresolved and the trial court had not validly certified its summary judgment orders as final under Pa.R.A.P. 341(c). *Lomuscio v. Cole*, No. 950 EDA 2020, at 10-15 (Pa. Super. filed Oct. 30, 2020) (unpublished memorandum). On January 26, 2022, the trial court entered an opinion and order certifying the summary judgments as a final order under Pa.R.A.P. 341(c) and ruling that the only clams that could exist against additional defendant Simon were for contribution or indemnity to

defendants if they were liable to Plaintiff. Trial Court Opinion and Order, 1/26/22. Plaintiff timely appealed on February 17, 2022.[2]

In this appeal, Plaintiff challenges both the trial court's orders granting summary judgment in favor of Thacker, Torregrossa, and Gleason and its summary judgment in favor of the Coles.[3] Our standard of review of the trial court's grant of summary judgment is *de novo* and our scope of review is plenary. ***Pyeritz v. Commonwealth***, 32 A.3d 687, 692 (Pa. 2011); ***American Southern Insurance Co. v. Halbert***, 203 A.3d 223, 226 (Pa.

_____

[2] An application for a Rule 341(c) determination of finality must be made within 30 days of entry of the order that it makes final and cannot be granted more than 30 days after the application is filed. Pa.R.A.P. 341(c)(1), (2). Because the January 26, 2022 order was issued more than two years after the July 24, 2019 summary judgment orders, its Rule 341(c) determination of finality therefore cannot make those summary judgment orders final and appealable. This appeal, however, is properly before us because the January 26, 2022 order made the summary judgment orders final by its ruling that any direct claim by Plaintiff against additional defendant Simon was barred by the statute of limitations and that the only claims against him were claims of defendants for contribution or indemnity if they were held liable to Plaintiff. Trial Court Opinion and Order, 1/26/22, at 3 (holding that "Plaintiff has no direct cause of action against Additional Defendant Simon as a result of the bar imposed by the two year period limitation in this tort action" and that "[t]hus, there can be no trial in the absence of the original defendants"). Where a claim against an additional defendant is limited to contribution or indemnity if defendants are held liable to the plaintiff and the court has determined that none of the defendants are liable to the plaintiff, the claims against the additional defendant are moot and do not prevent the dismissal of all other claims from being a final order. ***Oliver v. Ball***, 136 A.3d 162, 166 n.2 (Pa. Super. 2016).

[3] Plaintiff does not challenge the summary judgment in favor of Moustafa, who apparently settled with Plaintiff and received a joint tortfeasor release from Plaintiff in 2020. Moustafa No-Interest Letter.

Super. 2019). Summary judgment is properly granted in favor of a defendant only where the material facts are undisputed and that defendant is entitled to judgment as a matter of law on those undisputed facts or where, after discovery, the plaintiff has failed to produce evidence of facts essential to his cause of action against that defendant. Pa.R.C.P. 1035.2; **Kibler v. Blue Knob Recreation, Inc.**, 184 A.3d 974, 978–79 (Pa. Super. 2018); **Criswell v. Atlantic Richfield Co.**, 115 A.3d 906, 909 (Pa. Super. 2015). In determining whether there is a genuine dispute of material fact that precludes summary judgment or whether the plaintiff has produced sufficient evidence to support a cause of action, we must view the record in the light most favorable to the non-movant plaintiff and all doubts as to the existence of a genuine issue of material fact must be resolved against the defendant movant. **Criswell**, 115 A.3d at 908-09; **Petrina v. Allied Glove Corp.**, 46 A.3d 795, 798 (Pa. Super. 2012). Although summary judgment cannot be granted against a plaintiff based on the credibility of oral testimony other than the plaintiff's admissions, oral testimony of witnesses other than the plaintiff may be considered in determining whether the plaintiff has produced sufficient evidence of the essential elements of his cause of action. **Winwood v. Bregman**, 788 A.2d 983, 985 (Pa. Super. 2001)

All of Plaintiff's claims in this action were negligence claims. Plaintiff was therefore required to prove as to each defendant that the defendant owed him a duty, that the defendant breached that duty, that there was a causal

relationship between that breach of duty and his injury, and that he suffered actual loss. *Koziar v. Rayner*, 200 A.3d 513, 518-19 (Pa. Super. 2018); *Collins v. Philadelphia Suburban Development Corp.*, 179 A.3d 69, 73 (Pa. Super. 2018). Whether the defendant owes the plaintiff a duty is a question of law. *Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214, 221-22 (Pa. 2018); *Baumbach v. Lafayette College*, 272 A.3d 83, 89 (Pa. Super. 2022). We first address whether the trial court erred in granting summary judgment in favor of the occupants and alleged occupants of the Property, Thacker, Gleason, and Torregrossa, and then address Plaintiff's claims against the landlords, the Coles.

**The Occupant Defendants**

Plaintiff argues that the Thacker, Gleason, and Torregrossa were in possession of the Property and owed him a duty to protect against harm from third parties because he was an invitee, not a licensee. We agree that, viewing the evidence in the summary judgment record in the light most favorable to Plaintiff, the trial court erred in holding that defendants Thacker and Gleason did not owe Plaintiff a duty to protect against or warn him of the danger of criminal acts by third parties, but conclude that the evidence in the summary judgment record was insufficient to permit a finding that defendant Torregrossa owed Plaintiff such a duty.

The evidence submitted on the motions for summary judgment was sufficient to support a finding that both Thacker and Gleason were possessors

of the Property at the time of the July 2014 party and hosted the party. The was no dispute that Thacker was a lessee of the Property, was living there at the time of the party as lessee, and that he organized and hosted the party. Thacker Dep. 6, 26, 28, 46-47, 54-55; Torregrossa Dep. 13, 17; Gleason Dep. 16-17; Lease; H. Cole Dep. 14-16. Although Gleason did not sign the lease and testified that he did not live at the Property and only sometimes stayed there overnight, Lease; Gleason Dep. 9-10, both Torregrossa and Thacker testified that Gleason was living at the Property at the time of the party. Torregrossa Dep. 18, 38; Thacker Dep. 54-55. In addition, Gleason gave a statement to police on July 6, 2014, admissible against him under Pa.R.E. 803(25), in which he said that "he lives at 59 Prospect Street with Ely-Or Thacker, Jonathan Saunders and Chris Simon" and that he "has been renting 59 Prospect Street for about 1 year." Munch Dep. 7-10 & Palmer Ex. 1 at 10. There were therefore genuine issues of material fact as to whether Gleason lived at and was paying rent for the Property that precluded granting summary judgment in Gleason's favor on the ground that he did not live at the Property.

The trial court also erred in holding that Thacker and Gleason owed Plaintiff no duty because Plaintiff was on the Property as a licensee, not as an invitee. The duty of a possessor of land to a person injured on his premises depends on whether the injured person is there as an invitee, a licensee, or a trespasser. *Hackett v. Indian King Residents Association*, 195 A.3d 248, 251 (Pa. Super. 2018); *Cresswell v. End*, 831 A.2d 673, 675 (Pa. Super.

2003). A possessor of land who holds it open to the public for his business purposes owes a duty to his invitees to take security precautions to prevent harm from other persons if he knows or has reason to know of a likelihood that conduct of other persons will endanger his invitees. *Reason v. Kathryn's Korner Thrift Shop*, 169 A.3d 96, 102-03 (Pa. Super. 2017); *Paliometros v. Loyola*, 932 A.2d 128, 133 (Pa. Super. 2007); *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. 2002). A possessor of land does not owe licensees a duty to protect them from harm from other persons. *T.A. v. Allen*, 669 A.2d 360, 362–64 (Pa. Super. 1995) (*en banc*).

A person is an invitee if he is invited to enter or remain on the premises as a member of the public for a purpose for which the land is held open to the public or if he is invited to enter or remain on premises for a purpose directly or indirectly connected with business dealings with the possessor of the premises. *Hackett*, 195 A.3d at 252; *Reason*, 169 A.3d at 102; *Cresswell*, 831 A.2d at 675-76. A person who is privileged to enter or remain on the premises only by virtue of the possessor's consent is a licensee. *Hackett*, 195 A.3d at 251; *Cresswell*, 831 A.2d at 676; *T.A.*, 669 A.2d at 363. Social guests of occupants, although they are invited to the premises by the occupants, are licensees of the occupants, not invitees. *Davis v. McDowell National Bank*, 180 A.2d 21, 24 (Pa. 1962); *Hackett*, 195 A.3d at 251-52. In contrast, guests at a party held at a hotel or motel are invitees of the hotel

or motel. ***Paliometros***, 932 A.2d at 133=34; ***Rabutino***, 809 A.2d at 939. A guest at a party to which the general public is invited and for which an admission fee is charged is also an invitee of the party organizers and the possessor of the premises where the party is held. ***Castellano v. Local 302 International Association of Firefighters***, 70 Pa. D.&C.4th 415, 420-25 (C.P. Lehigh Co. 2004) (partygoer who paid $7 admission fee to attend a party open to the general public was invitee).

Here, the record showed that Plaintiff and the other partygoers were charged an admission fee to attend the party and there is evidence from which a jury could find that the party was not limited to specific invited guests of the hosts, but was open to anyone who paid the fee, regardless of whether they knew the hosts. Miller Dep. 10-14, 24-26, 30-31, 38-39, 61, 64. Under those circumstances, a jury could find that Plaintiff was not a mere social guest that Thacker and Gleason had invited to their house, but was a member of the public to whom they held the Property open in exchange for a fee and that Thacker and Gleason sought and received a sufficient financial benefit from charging a fee to make partygoers like Plaintiff, who paid the fee, their invitees.

We recognize that this Court held in ***Klar v. Dairy Farmers of America, Inc.***, 268 A.3d 1115 (Pa. Super. 2021), ***appeal granted***, 281 A.3d 299 (Pa. 2022), that the charging of a fee at a social event to defray costs of the event did not change the defendant's status as a social host. 268 A.3d at

1127-29. The issues there, however, were the very different questions of whether the fee made the defendant subject to the obligations of the Liquor Code or made the defendant liable at common law to third parties for injuries caused by its adult guests' consumption of alcohol, not whether the guests were invitees of the defendant or whether the guests were on the premises for the defendant's business purposes. *Id.* at 1119, 1122-29. Moreover, the event in **Klar** was restricted to the defendant's employees and was not open to the general public. *Id.* at 1117-18. **Klar** is therefore distinguishable and does not require us to disregard the charging of a fee in determining whether Plaintiff was an invitee or a licensee when he attended the party.

In addition, there is evidence from which a jury could find that defendants Thacker and Gleason had reason to know of a likelihood that the party would attract persons who would commit crimes against the partygoers. There was evidence from the statements that Thacker and Gleason made to the police, which are admissible against them under Pa.R.E. 803(25), that individuals that they believed to be gang members had come to a party or parties at the Property before the July 2014 party and committed crimes. Munch Dep. 7-10, 21, 73-74; Palmer Dep. 10, 12-13, 19; Palmer Ex. 1 at 9-12. Gleason told police that he suspected that the people who attacked guests at the July 2014 party were gang members and that some of them had "barged their way into" a party at the Property two to three weeks earlier and committed a theft. Munch Dep. 7-10; Palmer Ex. 1 at 10. Thacker told the

police that the attackers were gang members, that some of them had been to his parties on several past occasions and stolen from him, and that on the first of those prior occasions, in December 2013, one of the gang members had punched Torregrossa in the face "for no reason." Munch Dep. 7-8, 21, 73-74; Palmer Dep. 10-13, 19; Palmer Ex. 1 at 9, 11-12. Because a jury could find from these statements that Thacker and Gleason knew before the July 2014 party that their parties had been invaded by people that they believed to be dangerous, there was sufficient evidence that they had reason to know of a danger to support a duty to protect their partygoers from harm from such third parties by providing security, by calling the police earlier, or by warning the partygoers of that danger.

The record with respect to defendant Torregrossa, however, is significantly different. Not only was Torregrossa not a lessee of the Property, Lease; H. Cole Dep. 59-61, but there was not sufficient evidence to support a finding that Torregrossa lived at the Property at the time of the July 2014 party or was responsible for the Property at that time. Torregrossa testified that he only stayed over at the Property frequently and did not live there or pay rent. Torregrossa Dep. 17-18. Unlike the record with respect to defendant Gleason, there is no evidence to the contrary. Thacker testified that Torrogrossa did not live at the Property and Gleason testified that Torregrossa sometimes stayed there overnight, but did not have a room there. Thacker Dep. 92; Gleason Dep. 46, 73-74. Although Moustafa testified that

he thought that Torregrossa lived at the Property, he admitted that he, Moustafa, had not lived at the Property after October or November 2013, that he did not know whether or when Torregrossa lived at the Property, and that his only reason to believe that Torregrossa lived there was that Torregrossa had been there on the isolated occasions that Moustafa visited the Property after he moved out. Moustafa Dep. 10-11, 14-16, 20-24. The only other evidence that Plaintiff contends showed that Torregrossa lived at the Property is a police report from September 25, 2014, more than two months after the July 2014 party, which only shows that a police officer called to the Property for a disturbance on that date referred to Torregrossa as the person that he thought rented the Property. 9/25/14 Police Incident Report. There was no testimony from the officer who authored that report as to what this conclusion was based on or whether it was based on any statement by Torregrossa that he lived at or was renting the Property.

There was also no evidence that Torregrossa organized the party. Torregrossa testified that he was not at the Property when the party was planned and came over to the Property from the house where he was living after the party was underway because Thacker had invited him to the party. Torregrossa Dep. 13-14, 27. Plaintiff does not point to any evidence that contradicted this testimony or supported an inference that Torregrossa organized or planned the party. At most the record supports an inference that Torregrossa, after he arrived at the party, assisted in collecting the entrance

fees and letting guests into the party. Thacker Dep. 18-20, 34-35; Miller Dep. 19-21; Torregrossa Dep. 14-16. That is insufficient to impose a duty on a non-occupant to protect persons on the premises from harm by third parties. ***See Castellano***, 70 Pa. D.&C.4th at 426 (defendant whose "only involvement was to assist the party organizers on the night of the party by checking the identification of attendees and guarding the rear entrance" of the premises at which an alcohol party was held did not owe partygoers a duty to protect them from violent acts of third parties).

Moreover, there was no evidence admissible against Torregrossa that supports an inference that he had reason to know that there was a danger to partygoers from third parties. No witness testified that there had been violence or gang members at any prior party at the Property at which he or she had been present. The only evidence concerning problems with prior parties, other than Thacker's and Gleason's statements to the police, was that there had been noise complaints, not that there had been any crimes or incidents of violence. Torregrossa Dep. 64, 72-73; Gleason Dep. 52-53; Thacker Dep. 14-15, 58-59; H. Cole Dep. 34, 45-46; 3/26/14 Police Incident Report. Thacker's and Gleason's statements to the police are not admissible to prove Torregrossa's liability, because they are hearsay admissible only against the declarants, Thacker and Gleason, as statements of a party opponent. Pa.R.E. 803(25).

Plaintiff also argues that regardless of whether they owed him a duty as occupants of the Property, Thacker, Gleason, and Torregrossa can be liable to him on the ground that they served alcohol to persons who were under the age of 21. In addition to the duties that a party host owes as a possessor of land, an adult host who knowingly serves alcohol to persons under age 21 is liable for injuries caused by the underage drinkers' intoxication. **Orner v. Mallick**, 527 A.2d 521, 523-24 (Pa. 1987); **Congini v. Portersville Valve Co.**, 470 A.2d 515, 518 (Pa. 1983). This claim fails, however, because, as the trial court correctly held, there was no evidence that the attack on Plaintiff or his injuries were caused by any underage consumption of alcohol.

Contrary to Plaintiff's characterizations of the party as an underage drinking event, there was very little evidence of underage drinking. Plaintiff was over the age of 21 and Thacker, Gleason, Torregrossa, and most of the other identified partygoers were 21 or older. Plaintiff Dep. 15; 7/6/14 Police Incident Report at 2-3, 7-9. While there was evidence that two invited partygoers were under the age of 21, Thacker Dep. 46; 7/6/14 Police Incident Report at 4, those partygoers' consumption of alcohol and intoxication had no causal connection to Plaintiff's injury, as there was no claim or evidence that either was involved in the attack on Plaintiff or did anything that provoked it. Plaintiff points to no evidence that any other partygoer was less than 21 years old.

There was evidence that several of the attackers were underage, including the two who were alleged to have attacked Plaintiff. 7/6/14 Police Incident Report at 5-7. There was no evidence, however, that any of the attackers consumed alcohol. Munch Dep. 57, 82; Thacker Dep. 52; Gleason Dep. 48; Torregrossa Dep. 26; Miller Dep. 64. Not only was there testimony that the attackers said that they did not want to pay because they were not going to drink, but no witness testified that they saw any of them with a red drinking cup or saw any of them drink alcohol at the party. Miller Dep. 13, 64; Thacker Dep. 52; Gleason Dep. 48; Torregrossa Dep. 26.

**The Landlord Defendants**

The evidence was undisputed that the Coles were landlords out of possession of the Property. Generally, landlords out of possession do not owe any duty to non-tenants and are therefore not liable for injuries suffered by non-tenants on the leased premises. *Brown v. End Zone, Inc.*, 259 A.3d 473, 491 (Pa. Super. 2021); *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007); *Dorsey v. Continental Associates*, 591 A.2d 716, 718 (Pa. Super. 1991).

Exceptions to this rule exist 1) where the injury is caused by a physical defect in the premises and certain additional facts are shown; 2) where the landlord leases the property for a purpose involving the admission of the public and neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; and 3) where the

injury was caused by activities of the lessee or others on the premises and the landlord a) at the time of the lease consented to those activities or knew that they would be carried on and also b) knew or had reason to know that the activities would unavoidably involve an unreasonable risk or that special precautions necessary to safety would not be taken. **Brown**, 259 A.3d at 491-92; **Dorsey**, 591 A.2d at 718-19.

None of these exceptions applies here. While there was evidence that some parts of the Property were damaged or in poor condition, Torregrossa Dep. 62-63; Gleason Dep. 54; Thacker Dep. 64-66, there was no causal relationship between any of these defects and Plaintiff's injuries. Rather, Plaintiff's injuries were caused by a violent assault and the attackers entered the Property through a door that was not broken or damaged. Thacker Dep. 93; Gleason Dep. 75-76; Torregrossa Dep. 14, 88; Miller Dep. 51.

There was also no evidence to support a duty to Plaintiff based on the purpose for which the Property was leased or the Coles' knowledge of the activities to be carried out on the Property when they leased the Property. The Coles leased the Property under a residential lease that specifically provided that "[o]peration of any business from the property is not permitted." Lease at 2. There was no evidence that the Coles had knowledge or any notice **at the time that they leased the Property** that Thacker or other tenants intended to use the Property to host alcohol parties open to the public or for which admission was charged or at which underage drinking occurred. The

evidence concerning the Coles' knowledge was that **after the lease was entered into** and Thacker and others had moved in, there were noise violations in connection with parties held by the tenants and that Horace Cole heard rumors more than six months after the lease was entered into that there were parties at the Property where alcohol was served and an admission fee was charged. Gleason Dep. 52-53; Thacker Dep. 14-15, 58-59; Torregrossa Dep. 49, 64, 72, 85-86; H. Cole Dep. 34, 36-37, 45-46, 69-70; 3/26/14 Police Incident Report.

Plaintiff argues that notwithstanding the fact that the lease was a residential lease and there was no evidence that the Coles had any knowledge at the time that the lease was entered that would create a duty to their tenants' guests, the Coles can be liable for his injuries because they were allegedly aware before the July 2014 party occurred that the tenants were charging an admission fee for alcohol parties that they hosted and were serving alcohol to minors and because the Coles violated East Stroudsburg ordinances limiting occupancy and requiring owners to manage their property to prevent public disturbances.[4] We do not agree that the evidence here concerning the Coles' post-lease knowledge rises to a level that is sufficient to

_____

[4] Although Plaintiff's expert also offered opinions that the Coles owed Plaintiff various alleged duties in his report, those opinions cannot create a genuine issue of material fact or constitute a basis for holding that the Coles owed Plaintiff a duty because, as noted above, the issue of duty is a question of law for the court to decide, not an issue of fact. **Walters**, 187 A.3d at 221-22; **Baumbach v. Lafayette College**, 272 A.3d at 89.

make an out-of-possession landlord who leases a house for residential purposes liable for harm to his tenants' guests caused by violent acts of third parties.

Contrary to Plaintiff's assertions in his brief, there was no evidence that the Coles had knowledge of underage drinking at parties on the Property. The theoretical possibility that they could foresee that some alcohol consumption by minors might occur cannot provide a basis for imposing a duty on them. Liability for alcohol consumption by minors is limited to persons involved in planning the event where alcohol is served and those who serve or supply the alcohol or purchase alcohol for minors to drink; ownership of the property where the underage drinking occurs is not sufficient to support liability. *Alumni Association v. Sullivan*, 572 A.2d 1209, 1213 (Pa. 1990); *Bartolomeo v. Marshall*, 69 A.3d 610, 618 (Pa. Super. 2013); *Winwood*, 788 A.2d at 984-85; *Kapres v. Heller*, 612 A.2d 987, 992 (Pa. Super. 1992), *aff'd*, 640 A.2d 888 (Pa. 1994).

There was also no evidence that the Coles had any knowledge of any incident of violence or any security problem at the Property or at any party at the Property before the attack on Plaintiff. H. Cole Dep. 52-53. Gleason and Thacker did not report the crimes and presence of gang members at prior parties to the police until after the attack on Plaintiff. Munch Dep. 43-44. The only police report concerning an incident at the Property prior to July 5, 2014 that is in the record concerned "a report of a loud party" and the only police

action was an instruction to the occupants "to turn the music d[o]wn." 3/26/14 Police Incident Report at 2.

The only evidence concerning the Coles' knowledge that alcohol parties were being held at the Property at which an admission fee was charged consisted of Horace Cole's testimony that he heard "rumors to that effect" sometime in the summer of 2014 from a person who lived near the Property and that as a result of hearing this information, he told the tenants of the Property before the July 2014 party not to have such parties. H. Cole Dep. 36-37, 69-70, 72-73. The mere charging of a fee to attend an event that serves alcohol, while relevant to the status of the individuals who pay the fee, does not show any particular likelihood of violence or danger to the persons attending the event. Indeed, Plaintiff was fully aware that he was paying a fee to attend the party.

Plaintiff's claims against the Coles are therefore entirely different from the facts in those cases where property owners have been held to owe a duty to protect persons on their premises from third-party violence or a duty to persons other than their tenants. While **Paliometros** and **Rabutino** involved liability for injuries at parties where alcohol was served, the defendants in those cases were in possession of the premises where the plaintiff was injured, not landlords out of possession. **Paliometros**, 932 A.2d at 130-34 (defendant was a motel that allowed its rooms to be used for fraternity alcohol party that involved underage drinking); **Rabutino**, 809 A.2d at 935, 938-40 (defendant

was a hotel that allowed its rooms to be used for rowdy underage New Year's Eve alcohol party).

In the other cases holding that persons other than establishments that serve alcohol could be liable for injuries caused by third parties at a premises serving alcohol, the defendants had leased their property to a business that served alcohol or made their property available for the specific purpose of a public event at which alcohol would be served and were not landlords who leased their property to individuals for solely residential purposes. In **Brown**, the landlord rented the premises to an adult-entertainment club that served alcohol and the incident in which the plaintiffs were injured was a fight involving patrons and an exotic dancer who worked at the club. 259 A.3d at 479 & n.4, 492. In **Castellano**, the defendant possessors of the premises were an entity that temporarily rented its premises to groups for public events at which alcohol was served and the organizers of such an event that rented it for that purpose. 70 Pa. D.&C.4th at 417-18, 421-25.

In addition, unlike the Coles, the defendants in both of those cases had notice of significant instances of violence before the plaintiffs were assaulted. In **Brown**, the landlord was an affiliate of the tenant club and had actual knowledge before the incident of alcohol serving violations, security problems, and 24 instances of violence, including shootings, fights, assaults, and visibly intoxicated patrons. 259 A.3d at 480, 492-93. In **Castellano**, the defendant that rented out its premises for the party knew before the party in question

that "rowdiness, fights and underage drinking" and "two prior shootings" had occurred at such events and two of its representatives were present at the party where the attack occurred.  70 Pa. D.&C.4th at 425-26.

In contrast, this Court has held that a landlord renting to college students for residential purposes is **not** liable for injuries that resulted from an alcohol party held on the rented premises, even though it is foreseeable that such parties will occur.  *Kapres*, 612 A.2d at 992.  In *Kapres*, this Court held, in words equally applicable here:

> There is no Pennsylvania law which makes it incumbent upon landlords to police the activities, legal or otherwise, of their tenants. … The fact the parties appellant allegedly attended were held on property owned by the adult appellees is of no consequence considering their obvious detachment from the events leading to appellant's tragic accident.

*Id.*

The remaining cases relied on by Plaintiff that involve liability of a landlord are not to the contrary, as they involve essential facts that are completely absent here.  In *Palermo v. Nails*, 483 A.2d 871 (Pa. Super. 1984), the property owner had not given up control of the premises because she was allowing the occupant, a relative, to live on the premises rent-free without a lease.  *Id.* at 473.  In addition, the property owner had actual knowledge of the danger of injury, as she knew before the victim was attacked by the occupant's dog both that the occupant kept a vicious dog on the premises and that the dog had previously attacked someone.  *Id.* at 473-74. *Portee v. Kroznelk*, 166 A.2d 328 (Pa. Super. 1960), involved an injury

caused by a physical defect in a portion of the premises that the landlord did not lease and over which it retained possession and control, not an injury caused by an attack by third parties. *Id.* at 330.

Plaintiff's claims that the Coles violated ordinances limiting occupancy and requiring owners to manage their property to prevent public disturbances likewise cannot support liability. Violation of an ordinance or statute can create a duty to the plaintiff only where the purpose of the ordinance or statute is to protect a particular class of persons, rather than the general public, and the plaintiff is within the class of persons that it is designed to protect. *Congini*, 470 A.2d at 517-18; *Wagner v. Anzon, Inc.*, 684 A.2d 570, 574 (Pa. Super. 1996). To the extent that ordinances concerning public disturbances are designed to protect a particular class of persons rather than the general public, they are designed to protect neighbors in the area where noisy or disruptive parties are held, not to protect partygoers such as Plaintiff. Allowing more individuals to reside at the Property than permitted by ordinance had no possible causal connection to Plaintiff's injuries, as he was attacked by persons who were not occupants of the Property.

## *Conclusion*

For the foregoing reasons, we conclude that Plaintiff was at the Property as an invitee of defendant Thacker and the other occupants of the Property and that there were genuine issues of fact as to whether defendant Gleason lived at the Property and whether defendants Thacker and Gleason had reason

to know before the July 2014 party of a likelihood that conduct of other persons would endanger their invitees. The trial court, however, did not err in holding that there was insufficient evidence to support Plaintiff's claims against defendants Torregrossa and the Coles. Accordingly, we reverse the trial court's orders granting summary judgment in favor of defendants Thacker and Gleason and affirm its orders granting summary judgment in favor of defendants Torregrossa and the Coles.

Orders of July 24, 2019 granting summary judgment in favor of Ely-Or Thacker and Andrew Gleason reversed. Orders of July 24, 2019 granting summary judgment in favor of Andrew Torregrossa, Horace S. Cole, and Sonya K. Cole affirmed. Jurisdiction relinquished.

President Judge Panella joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022

- 26 -